This is a workmen's compensation case.
The record reveals the following pertinent facts: Robert Cole was employed by Thompson and Company Contractors who had contracted with People's Telephone Company to install underground telephone cable in Cherokee County, Alabama. At the time of his injury, Cole's job was to install telephone repeaters. While there is contrary testimony, Cole testified that he hurt his back while unloading a repeater from his truck.
Cole went to the emergency room of Cherokee County Hospital that same day where he received a shot. On Sunday morning at 5:30 Cole returned to the hospital where he was admitted, received medication, and was put in traction by Dr. Eugene Bradley.
Cole's employer, Billy Thompson, received information on Tuesday or Wednesday of the next week that Cole was in the hospital; however, it is not clear whether Thompson knew the reason for Cole's hospitalization. At any rate, Thompson sent his crew supervisor, *Page 1044 
Harold Norris, to the hospital to give Cole his paycheck. Cole testified he told Norris at that time that he had been injured on the job and to get him some insurance papers. Norris denies the statement was made.
Cole testified that he had no telephone in his room and that he was unable to walk without the aid of a nurse or an orderly. The evidence showed that Cole requested the hospital administrator to contact People's Telephone Company about his injury so they would relay this to Billy Thompson, his employer. While he was in the hospital, Cole managed to contact his attorney to assist in filing his insurance papers.
Thompson was contacted by Cole's attorney, Mr. George Hecht, concerning the injury five or six weeks after the injury. Thompson informed Mr. Hecht to send all employee accident reports to Thompson's insurer. This was done.
On May 14, 1979 Cole filed a complaint seeking workmen's compensation benefits. Thompson denied all material allegations of the complaint. The case was tried on March 10, 1980 and the court entered an order in favor of Cole. Thompson filed a motion for new trial, or in the alternative, to amend the judgment. On May 21, 1980 the court made a "Finding of Fact and Ruling on Defendant's Motion for New Trial."
This "Finding of Fact and Ruling on Defendant's Motion for New Trial" stated that Cole was injured while in the employment of Thompson and within the line and scope of his job, that the injury occurred on October 27, 1978 when Cole injured his back while handling a fifty pound telephone repeater and that Cole was hospitalized as a result of this injury on October 29, 1978. The court further found that no written notice of the injury was formally given to Thompson within five days of the injury, but the court found that this failure was excused and was a reasonable failure based on the physical incapacity and hospitalization of Cole. Furthermore, written notice of the injury was given by Cole through his attorney to Thompson, his employer, within ninety days of the injury. The court further found that based on the testimony of Dr. Eugene Bradley, M.D., Cole had suffered a permanent total disability as a direct result of the injury incurred during the course of his employment with Thompson and Company Contractors. The court ordered that Cole's hospital, doctor and drug bills be paid, that he was to receive $128.00 per week for the rest of "his natural life;" and that he was to receive $10,240.00 (i.e., eighty weeks of disability payments of $128.00) as an immediate judgment.
The first issue presented for our consideration is whether Thompson was given notice of the accident as required by §25-5-78, Code of Alabama 1975. That section provides:
 Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 of this chapter, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident or, where death results, within 90 days after the death. [Emphasis supplied.]
The trial court held that the five day written notice requirement was excused and the failure to advise his employer was reasonable based on Cole's physical incapacity and hospitalization. The trial court also found that Cole had given his employer written notice of the injury within ninety days thereafter.
In support of this holding there is evidence that Cole had a painful back injury, that he was oftentimes in traction, that there was no telephone in his room, and *Page 1045 
that he was directed to seek help to move around. Furthermore the evidence shows that Cole sought the help of the hospital administrator to get word of his hospitalization to his employer and later engaged a lawyer to inform his employer of his injury and to file the necessary insurance papers. Written notice of the job-related injury was given to the employer by the attorney within ninety days of the injury.
Based on this evidence we conclude that the provisions of §25-5-78 have been complied with and the trial court properly so held.
Thompson says next that the trial court committed reversible error when it failed to apply the provisions of § 25-5-57
(a)(4)e and f, and § 25-5-58, Code of Alabama 1975 to Cole's preexisting injury or disability.
Thompson specifically argues that the trial court failed to respond to the issue raised at trial concerning the effect of the first back injury suffered by Cole on the compensation due him for the back injury which is the subject of the present case.
The trial court found as a fact that Cole had been permanently and totally disabled as a "direct result" of the injury incurred while employed by Thompson.
Section 25-5-57 (a)(4), in subparts e and f, Code of Alabama 1975, provides:
 e. Second Permanent Injuries Generally. — If an employee has a permanent disability or has previously sustained another injury than that in which he received a subsequent permanent injury by accident, such as is specified in the provisions of this section defining permanent injury, he shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed.
 f. Second Permanent Injury Resulting in Permanent Total Disability Where First Injury Not in Same Employment. — If an employee receives a permanent injury as specified in this section after having sustained another permanent injury other than in the same employment, and if the combined effect of the previous and subsequent injury results in permanent total disability, compensation shall be payable for permanent total disability.
Section 25-5-58, Code of Alabama 1975, provides:
 If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.
The key words in these two Code sections are "disability" and "infirmity." These terms refer to a condition which affects the ability to work as a normal man at the time of and prior to the accident. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380
(1967); Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163,36 So.2d 513 (1948).
The evidence in this case is to the effect that Dr. Bradley considered the direct cause of Cole's back injury of October 27, 1978 to be the lifting of the telephone repeater. Furthermore, Thompson stated that Cole did the work he was assigned to do and did not appear to be disabled, and that he had no knowledge of Cole's prior back problems. The sum and substance of this evidence would support a finding that Cole was able to do the work assigned to him by his employer and that the first injury was no longer a factor to be considered in deciding the compensation to be paid for the injury which is the subject of the present litigation. Thompson says, however, that the trial court made no finding of fact to this effect.
The trial court in workmen's compensation cases is required to make findings of fact and conclusions of law, and these findings should encompass each and every issue presented to and litigated by the trial court; where this is not done, the judgment should be reversed. Harbin v. United States SteelCorp., Ala.Civ.App., 356 So.2d 179 (1978). But when the trial court's finding is meager or omissive, this court will look to the evidence to see if the judgment can be upheld. Pinkney v.James B. Clow *Page 1046 Sons, Inc., 277 Ala. 648, 173 So.2d 811 (1965).
Although the trial court did not specifically find that Cole had fully recovered from his first back injury and therefore that injury was not a factor to be considered in the present case, the evidence would support such a finding. Thus, we conclude that such finding is sufficient to meet the "meager and omissive" test.
As to appellant's contention that § 25-5-57 (a)(4)f should be given effect by the trial court in a specific finding of fact, we hold that the rationale applicable to subsection (a)(4)e is equally applicable to subsection (a)(4)f.
Appellant says next that the trial court failed to find as a fact that Cole was not capable of being retrained for gainful employment and thus it committed reversible error.
Section 25-5-57 (a)(4)d requires that an employee must suffer from an injury that totally incapacitates him from working and being retrained for gainful employment in order to be classified as totally and permanently disabled.
In the instant case the trial court concluded that Cole was totally and permanently disabled by an injury suffered while employed by Thompson. Although the trial court did not specifically find that Cole could not be retrained for gainful employment, we hold that implicit in its conclusion that Cole was permanently and totally disabled is the finding that he could not be so retrained. This finding of fact, as with all other findings of fact made by the trial court, must, however, be supported by some evidence; otherwise the judgment cannot stand. Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204 (1955).
Although the case at bar is devoid of evidence that Cole could not be retrained for gainful employment, there is testimony by the employee's doctor that Cole possibly could operate an elevator or some similar type job not requiring a lot of moving around. Such testimony certainly suggests the possibility that Cole could become gainfully employed in some type of work. Such evidence reinforces the conclusion that the proof fails to support a finding that Cole was incapacitated from being retrained for gainful employment. Therefore, the failure of the implicit finding that Cole could not be retrained for gainful employment to be supported in the evidence requires a reversal of the judgment.
Lastly, appellant says that the trial court awarded compensation to Cole "for and during his natural lifetime," which award is contrary to the provisions of § 25-5-57 (a)(4)a, Code of Alabama 1975.
Section 25-5-57 (a)(4)a provides that compensation for a permanent and total disability is to be paid "during such permanent total disability."
As clearly provided by the Code section, the period of compensation for permanent total disability lasts only so long as the disability continues. Should the disability cease to be other than total at some future time, the compensation for permanent total disability could be terminated. § 25-5-57
(a)(4)b, Code of Alabama 1975. Thus, the trial court's award is an incorrect application of the statute.
For the errors above noted, the judgment of the trial court is reversed and the cause remanded so that evidence may be taken as to whether Cole can be retrained for gainful employment and for the trial court to correct that aspect of the judgment relating to the period during which benefits can be paid for permanent and total disability.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in part and dissents in part.