HOLMES, Judge.
This is a workmen’s compensation case.
The trial court found that the employee suffered a sixty percent loss of ability to earn as a result of a job-related injury. The injury suffered was a hernia.
The employer appeals, and the dispositive issue on appeal is whether there is evidence to support the trial court’s finding.
We find no reversible error and affirm.
At the outset we note the often quoted standard of review in workmen’s compensation cases. The decision of the trial court will be upheld upon appellate review if there is any legal evidence to *113 support the trial court’s findings. Dees v. Daleville Florist, 408 So.2d 155 (Ala.Civ.App.1981).
The facts in general reveal the following: The employee, a forty-one-year-old female, worked as a nurse’s aide at employer’s nursing home. She testified that her job involved making beds and feeding, dressing, bathing, and carrying patients. On January 23, 1981, she and another nurse’s aide were lifting a patient from his bed when the other aide released her hold on the patient. When the entire weight of the man was left to the employee, she felt her stomach tear. She immediately became nauseated, and felt as if she would faint. After steadying the patient in a chair, employee left work. The next day she saw a doctor who diagnosed her injury as a ventral hernia and recommended surgery. Employee was admitted to the hospital on March 9,1981, and the operation was performed March 12, 1981.
I
The employer first contends that the evidence does not satisfy the requirement of Ala.Code § 25-5-57(a)(6) (1975).
This code section, in pertinent part, is as follows:
“(6) HERNIA
“a. Proof. — In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employment, it must be definitely proven to the satisfaction of the court:
1. That there was an injury resulting in hernia,
2. That the hernia appeared suddenly,
3. That it was accompanied by pain,
4. That the hernia immediately followed an accident, and
5. That the hernia did not exist pri- or to the accident for which compensation is claimed.”
(Emphasis supplied.)
In support thereof the employer relies upon certain medical testimony. This testimony is that approximately seven years prior to the January 1981 injury the employee had one-half of her stomach removed. Then, in 1977, the employee suffered a hernia, the tear occurring along the incision of the earlier surgery. A short time prior to the January accident, the employee visited a physician complaining of stomach pains. Medical testimony was that the January 1981 hernia probably came about gradually. Other medical testimony was that if it had developed suddenly, “it would be attended by a whole lot of pain, like lifting something, something tore loose.”
The employee testified that while lifting a patient at work she experienced a stinging, tearing sensation that nauseated her and made her feel faint. She also said that she felt a great deal of pain.
The day following the accident a physician diagnosed the employee’s condition as a ventral hernia.
In view of the standard of review, as indicated above, the medical testimony in part, to wit, that if it had developed suddenly “it would be attended by a whole lot of pain like lifting something, something tore loose” and the referenced testimony of the employee provide the necessary evidence to comply with the dictates of § 25-5-57(a)(6).
Put another way, there is evidence the hernia “appeared suddenly.”
II
The employer next contends that the trial court did not properly consider the question of a pre-existing injury.
The pre-existing injuries the employer points to are the stomach surgery and the first hernia. Under § 25-5-58, “[i]f the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.” This provision was explained in Allen v. Metro Contract Serv *114 ices, Inc., 421 So.2d 1289 (Ala.Civ.App.1982); Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513 (1948); and Thompson & Co. Contractors v. Cole, 391 So.2d 1042 (Ala.Civ.App.1980). Ingalls stated the fundamental principle that an employer takes the employee subject to his physical condition when he enters his employment. The terms of the statute, it stated, “do not refer to latent conditions which may not spring into activity during the compensable period, and at the time of the accident are causing no apparent physical effect on the health or activity of the employee.” 251 Ala. at 173, 36 So.2d at 521. Thompson defined the terms “disability” and “infirmity” as referring “to a condition which affects the ability to work as a normal man at the time of and prior to the accident.” 391 So.2d at 1045. The same rules are repeated in Allen where the court reversed the trial court’s consideration of the employee’s “general physical condition” as a factor reducing the compensation award.
In the present case, although employee had suffered earlier physical ailments; that is, the earlier stomach surgery and the first hernia, and although there was medical testimony that but for the stomach surgery, employee probably would never had sustained the hernia, the trial court was, in this instance, correct in not allowing these other medical conditions to reduce the compensation fixed. The uncon-tradicted proof established that employee returned to work after the stomach surgery and the first hernia and that she had no problems whatsoever. Employee testified that after recovering from the earlier surgery she was able to do the same kind of work she had done before. Under these circumstances, § 25-5-58 should not be applied to reduce employee’s award. See Ingalls, 251 Ala. at 171, 36 So.2d at 519.
Ill
The employer’s final dispositive issue is that the evidence does not support the trial court’s finding of a sixty percent loss of ability to earn.
There was evidence that the employee had an eighth-grade education and that her previous and, to some extent, present employment was manual labor. Her past employment consisted of picking cotton, ironing and cleaning house, cooking, mopping, and sweeping as a cafeteria employee, and working at a sawmill.
As indicated earlier, the employee is a nurse’s aide. One of her job requirements is lifting patients. As a result of the injury, the employee’s ability to “lift” is restricted. The physician testified that the employee had a bodily impairment of forty to fifty percent.
The determination of the proper percentage of a disability rests with the trial court. See Dees v. Daleville Florist, 408 So.2d 155 (Ala.Civ.App.1981) and cases cited therein. Additionally, the trial judge had the opportunity to observe the courtroom demeanor of the employee.
After examining the record in this case, we cannot say that the trial court’s finding of sixty percent permanent partial disability is unsupported by the facts.
We particularly note the evidence concerning the employee’s education and skills.
We would be remiss in not commenting that both parties have favored this court with excellent and concise briefs for which we are grateful.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.