This is a workmen's compensation case.
Nichols recovered from Blue Bell, his employer. The issues on Blue Bell's appeal *Page 1266 
involve (1) notice, (2) medical liability, and (3) permanent total disability. As to the factual matters involved in each of those issues, the following rule of review is applicable. In a workmen's compensation case a review of the weight or preponderance of the evidence or whether the finding of fact by the trial court was correct is not properly before this court, for we may inquire only as to whether there was legal evidence to support the trial court's findings, which are conclusive where the testimony conflicted. Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982). Accordingly, we will search the record as to each of the issues and will summarize only the supportive evidence which tends to uphold the final judgment of the trial court. Generally, evidence conflicting therewith will not be noted.
 I.
On Friday, September 9, 1983, the employee was the only person working in his department. When he stooped over to pick up a roll of cloth, he suddenly felt pain in his lower back. After sitting for a short time, he went to an inner-company telephone and called the "top office" for a Ms. Lindsey, the lady to whom he had previously had the responsibility of reporting any injury received by the employees in that department. However, Ms. Lindsey was in the hospital and he talked to the female who answered the telephone which he always utilized in making injury reports, and he reported his injury to the office through her. He told her that he had hurt himself and that he was going to the doctor. She replied, "Okay." Blue Bell disputes that such a telephone call was made; however, the employee's wife, who also worked for Blue Bell, testified without contradiction that on the Tuesday after the accident Blue Bell's plant manager inquired as to the location of the employee and the name of his doctor. Blue Bell's personnel manager stated that on September 14, 1983 his office received a telephone call from the hospital and that they were notified by the hospital of the employee's injury for the first time.
Able counsel for Blue Bell argues that the above facts were inadequate to prove notice by the employee to the employer within five days of the accident and that the trial court erred in finding that proper notice had been timely given to the employer.
Notice is governed by a code section which reads in pertinent part:
 "Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 of this chapter. . . ."
§ 25-5-78, Code 1975.
Actual notice is equivalent to statutory notice and, in that regard, oral notice which places the employer on notice that an accident occurred whereby the employee was injured is sufficient to satisfy the requirement of section 25-5-78. GoldKist, Inc. v. Dumas, 442 So.2d 115 (Ala.Civ.App. 1983). The trial court accepted the employee's evidence on that issue and found that Blue Bell received proper notice. The evidence conflicted regarding notice and the matter was resolved in the employee's favor. Adequate legal evidence supported that finding. Consequently, no error exists as to the notice issue.
 II.
The employee testified as to his injury and as to calling the "top office" and reporting that he was injured and that he was going to the doctor, to which the reply was, "Okay." He consulted with Blue Bell's regular physician, Dr. Pyle, who did not testify in this case. Dr. Pyle referred him to Dr. Hatchett, an orthopedic surgeon, who hospitalized him on September 14, 1983. On that date the hospital contacted Blue Bell's personnel office. The hospital admission record on the front page thereof indicates that the "Guarantor Employer" *Page 1267 
was Blue Bell, that the insurance company was "Workmans [sic] Co," and that the employee injured his back in the plant while picking up a roll of piece goods. Blue Bell contends that the treatment by Dr. Hatchett and the employee's hospitalization were not authorized.
An employee may avail himself of medical services if the employer has expressly or impliedly conveyed to the employee the impression that the employee is authorized to go to a physician of the employee's choosing or if the employer, with full knowledge, has failed to object thereto over a sustained period of time. Jasper Community Hospital, Inc. v. Hyde,419 So.2d 594 (Ala.Civ.App. 1982); 2 Larson, The Law of Workmen'sCompensation § 61.12 (g) (1983).
When the employee called the office where he normally reported injuries to employees under him, and informed them of his injury and received an "okay" to see a doctor, it was perfectly logical for the employee to assume that he had authority from Blue Bell to seek medical advice and treatment for his back injury. Consequently, he consulted the physician who was normally utilized by Blue Bell, Dr. Pyle. The trial court expressly found that the employee received medical treatment, including hospitalization for his injuries, with Blue Bell's knowledge, and the employer was expressly ordered to pay the hospital's and Dr. Hatchett's bills. The trial court impliedly found that the consultation with Dr. Pyle and the treatment by Dr. Hatchett, including the hospitalization, were authorized by Blue Bell. When considering the evidence which was most favorable to that order, we find that the evidence would have supported a holding that the employee was given the impression that he had the authority from Blue Bell to at least see Dr. Pyle, who referred him to Dr. Hatchett. Since the consultation with Dr. Pyle was authorized, we have no difficulty in determining that other reasonably necessary medical treatment consisting of the referral of the patient to Dr. Hatchett and the subsequent hospitalization were also authorized. Jasper Community Hospital, Inc. v. Hyde, 419 So.2d at 597. There was no evidence of any objection by Blue Bell to Dr. Hatchett or to the hospitalization of the employee. The hospital admission records can be construed as indicating the employer's authorization therefor. The hospital contacted Blue Bell's personnel officer on the date of the employee's admission.
We find no error in the final judgment as to medical benefits.
 III.
In his deposition, Dr. Hatchett testified that the employee's condition is consistent with a disc disease, with neuritis, that could have been aggravated by trauma from lifting. His injury significantly aggravated that problem. The employee's prognosis is poor and he cannot do any heavy lifting, any significant amount of bending, or any prolonged sitting. The doctor gave his opinion that the employee has a twenty percent permanent partial impairment rating to his body as a whole, but that rating was not related to his work or to anything else by the doctor except to the employee's specific back problem.
The employee testified as to his injury. He is still under the care of Dr. Hatchett and must take for his pain a prescribed pain medication twice a day plus four Bufferin or Anacin tablets per day. His lower back aches and, if he either sits or stands for too long, he experiences sharp pain that renders him so weak that he can hardly support his own weight. Then he begins to shake and must lie down once or twice a day. Sometimes, he must remain in bed all day.
His activities are very limited. He cannot fish, garden, work in his yard, or do anything of a physical nature that he previously did. His bending is restricted. On some days he can walk only a short distance before he must sit down. He can sit for only about thirty minutes without having to stand. He experiences difficulty in sleeping at night. *Page 1268 
The employee previously hurt the middle of his back while working for Blue Bell about five or six years ago, but he drew no workmen's compensation therefor and had no trouble therefrom in the two years prior to the 1983 accident. When he was injured in 1983, he had no physical condition that hindered him from performing his job.
The employee is fifty years of age. He quit school in the seventh grade at the age of sixteen and has had no further schooling or training. The employee has never worked at a skilled job, his employment having been farming, logging, lumber yard work, and in garment factories. All of those were manual labor jobs. He is not aware of any employment that he could presently satisfactorily perform on account of his physical condition.
The trial court's finding that the employee was permanently and totally disabled is the last issue raised by Blue Bell's capable counsel.
Some of the matters which are presented in argument are self-deciding without further comment when the following rules of law are applied to the above facts.
An expert's opinion as to the percent of disability is not binding upon the trial court in workmen's compensation cases.Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967);Lauderdale Christian Nursing Home v. Dean, 385 So.2d 1320
(Ala.Civ.App. 1980). A trial court must look to the entire evidence and to its own observations in determining the extent of disability. Goodyear Tire Rubber Co. v. Greene,426 So.2d 851 (Ala.Civ.App. 1983). Regardless of the existence of a preexisting condition or disease, if the employee was able to perform his duties prior to the subject injury, no preexisting condition is present for compensation purposes. Thompson Co.Contractors v. Cole, 391 So.2d 1042 (Ala.Civ.App. 1980); KrogerCo. v. Millsap, supra. Preexisting conditions and diseases do not affect a compensation award if the job-related injury combined with the preexisting condition to produce the disability. Wilson v. Berry Industries Co., 451 So.2d 339
(Ala.Civ.App. 1984); Allen v. Metro Contract Services, Inc.,421 So.2d 1289 (Ala.Civ.App. 1982). Total disability is the inability to perform the work of one's trade (manual labor in this case) or the inability to obtain reasonably gainful employment. Total disability does not mean absolute helplessness or entire physical disability. City of MuscleShoals v. Davis, 406 So.2d 919 (Ala.Civ.App.), cert. denied,406 So.2d 923 (Ala. 1981).
The plaintiff is severely restricted in his physical activities. He has had meager schooling and no special training. His previous jobs have always required manual labor which he cannot perform in his disabled condition. He still suffers severe pain and his prognosis is poor. In short, evidence was presented which supported the finding of the trial court that the employee was totally and permanently disabled as a result of an accident arising out of and in the course of his employment with Blue Bell, that he is unable to perform work of his trade or obtain reasonably gainful employment, resulting in his permanent and total loss of ability to earn, and that said injury totally incapacitates the employee from working at and being retrained for gainful employment. We are not authorized to disturb that holding of a permanent total disability.
The final judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur. *Page 1269