This is a workmen's compensation case.
After an ore tenus trial before the circuit court, a final judgment was entered in favor of the employer after the trial court specifically found that the employee failed to give to the employer the required notice of the accident which caused his injury and found that the alleged injury sustained by the employee was not job-related.
The employee appealed and argues that he gave to his employer a valid notice of the accident which injured his back and that the injury was job-related.
The standard of review in a workmen's compensation appeal is limited to questions of law and to an examination of all of the evidence to determine if there was any legal evidence which supported the finding of facts by the trial court. If the supportive evidence was before the trial court, an appellate court is required to affirm the trial court's factual findings. We may not review the weight or preponderance of the evidence or whether the findings of fact were correct. The factual holding of a trial court which is based upon conflicting testimony is conclusive. Blue Bell, Inc. v. Nichols,479 So.2d 1264 (Ala.Civ.App. 1985); Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982).
We have examined all of the evidence in accordance with those review requirements, and it is clear that the testimony conflicted as to each of the factual issues before us. While there was evidence before the trial court which substantiated the employee's position, the evidence which was offered on behalf of the employer upheld both of the findings which were made by the trial court. Consequently, the factual findings of the trial court are conclusive, and the judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.