This is a workmen's compensation case.
The trial court found the employee to have a ninety percent reduction in his earning capacity as a proximate result of his injury, for which he is entitled to receive compensation from his employer. The employer appeals. We affirm.
The standard of review in workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the trial court's findings of fact.Southern Prestressed Concrete Inc. v. Thomas, 485 So.2d 772
(Ala.Civ.App. 1986). If there is any legal evidence to support the trial court's findings, we must affirm. Washington v.Warrior Tractor Equipment Co., 487 So.2d 1371
(Ala.Civ.App. 1986). We may not review the weight or preponderance of the evidence, and if the factual findings of the trial court are based on conflicting testimony these findings are conclusive.Blue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985).
Dennis Wayne Rogers (employee) was employed as a chemical engineer for International Paper Company (employer) in August 1979. After a preemployment physical examination it was discovered that the employee had a back deformity known as spondylolisthesis. The evidence also shows that prior to the back injury in March 1983 the employee had no disability or back problems. He testified that he had never missed time from work nor had he taken any medication because of any back problems. The record shows that the employee was examined in 1982 and the spondylolisthesis was again confirmed. The record reveals that although an evaluation and possible surgery were mentioned the employee was able to carry out his normal work duties as a chemical engineer without the surgery. The medical history also shows that the employee was not suffering from any pain at that time.
In March 1983 the employee suffered a back injury during the course of his employment. The doctor diagnosed this injury as a back strain with probable nerve root pressure superimposed on the spondylolisthesis. In September 1983 a spinal fusion was performed on the employee to relieve his symptoms. The record reflects that the employee did return to work in a limited capacity but was laid off from his job in August 1985. Since this time the employee has applied for jobs but has been unsuccessful and still remains unemployed.
The employer argues that the trial court did not comply with section 25-5-58, Code 1975. We disagree. This section provides as follows:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
The term "infirmity" under this section has been construed to refer to a condition which affects the employee's ability to work as a normal man at the time of and prior to the accident, or would probably so affect him within the compensable period.Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163,36 So.2d 513 (1948). This section does not refer to latent conditions which might not spring into activity during the compensable period, and at the time of the accident are not causing any apparent physical effect on the health or activity of the employee. North Alabama Nursing Home, Inc. v. Borden,442 So.2d 112 (Ala.Civ.App. 1983). It is a fundamental principle that an employer take the employee subject to his physical condition when he starts his employment. Borden, supra. In the present case, although the employee had discussed the possibility of back surgery with his doctor prior to his accident, the trial court was correct in not allowing this to reduce the compensation award. The uncontradicted proof is that the employee never missed any work nor was he limited in any way in his activities prior to *Page 1104 
his accident. If a condition is aggravated by an accident occurring in the course of employment, the condition is still compensable even though the accident may not have caused the same injury in a normal person. Hyster Co. v. Chandler,461 So.2d 828 (Ala.Civ.App. 1984). "Regardless of the existence of a preexisting condition or disease, if the employee was able to perform his duties prior to the subject injury, no preexisting condition is present for compensation purposes." Blue Bell,supra.
As to the employer's contention that the evidence does not support the trial court's findings, we also disagree. The record contains testimony from an expert in the field of vocational rehabilitation. The rehabilitation counselor stated that he interviewed the employee and learned that the employee now has a back disability and also has limitations in flexibility, lifting, stooping, bending, climbing, and working in hazardous situations. He opined that the employee did not have any back problems that would affect his ability to work as a chemical engineer prior to the back injury in 1983. The counselor also testified that the employee now had a ninety percent decrease in his earning capacity based on his on-the-job injury.
In arriving at a judgment in workmen's compensation cases, the trial court may consider all evidence, including its own observations and interpret it according to its own best judgment. Armstrong v. Lewis Associates Construction Co.,469 So.2d 605 (Ala.Civ.App. 1984).
This court's standard of review in workmen's compensation cases is a narrow one, and if the evidence allows, we must construe all facts in favor of the employee. Hyster, supra. If there is any legal evidence that supports the trial court's finding, we must affirm. Padgett v. International Paper Co.,470 So.2d 1287 (Ala.Civ.App. 1985). We find that there was legal evidence to support the trial court's findings and, therefore, we must affirm the trial court's judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.