This is a workmen's compensation case.
The trial court found the employee was totally disabled and suffered eighty percent impairment of his ability to earn as a result of a work-related accident. Consequently, the employee was awarded workmen's compensation, and his employer appeals.
Our review in workmen's compensation cases is limited to an examination of whether any legal evidence exists to support the trial court's findings. International Paper Co. v. Rogers,500 So.2d 1102 (Ala.Civ.App. 1987). If any legal evidence supports the trial court's findings, we are bound to affirm.International Paper, supra. The court's findings, when based on conflicting testimony, are conclusive, and we may not review the weight of the evidence. Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982).
Clyde Nix was employed by Gold Kist in June 1986 when he slipped on a slick floor at work and injured his left knee. Prior to *Page 557 
the accident, Mr. Nix had surgery on his left knee for torn cartilage. In fact, he was wearing a brace on his knee the day of the accident. Testimony from doctors also indicated that prior to the accident Mr. Nix had arthritis in his left knee.
Gold Kist argues that the trial court, in awarding compensation, failed to properly consider Mr. Nix's preexisting knee disability pursuant to section 25-5-58, Code 1975. That section provides:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a pre-existing injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
The court's order specifically found that:
 "[T]he injury of June 4th, 1986, aggravated, accelerated and combined with the plaintiff's arthritic condition to produce the present disability."
Testimony indicated that Mr. Nix had experienced problems with his left knee before the accident. Doctors stated that he had the preexisting condition of degenerative arthritis which could be aggravated by injuries. In fact, testimony was presented which indicated that Mr. Nix's problems were "advanced historically" as a result of the fall. As inIngalls Shipbuilding Corp. v. Cahela, 251 Ala. 163,36 So.2d 513 (1948), the preexisting condition might not have resulted in disability for an undetermined period of time but for the work-related injury.
In Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App. 1985), we stated that when a job-related injury combines with a preexisting condition to produce employee disability, the preexisting condition does not affect the compensation award. Furthermore, "[r]egardless of the existence of preexisting condition or disease, if the employee was able to perform his duties prior to the subject injury, no preexisting condition is present for compensation purposes." Blue Bell, supra.
In short, we have defined preexisting condition in terms of its effect on the employee's ability to earn. An "infirmity," as well as a "disability," pursuant to section 25-5-58, Code 1975, is simply a condition affecting the employee's ability to work as a normal man, both prior to and at the time of a job-related accident, or as probably affecting the employee during the period of compensation. Ingalls Shipbuilding Corp.v. Cahela, supra; Thompson Company Contractors v. Cole,391 So.2d 1042 (Ala.Civ.App. 1980).
Although Mr. Nix had difficulty with his knee prior to the accident, he continued his same job at Gold Kist without any modifications in his duties. From the record we are unable to find any evidence to indicate any failure by Mr. Nix to "work as a normal man."
It is the duty of the trial court to consider all the evidence and make its own determinations regarding disability in a workmen's compensation case. International Paper, supra.
Further, if the evidence permits, we must resolve all facts in the employee's favor. International Paper, supra. The trial court found that Mr. Nix's fall combined with his arthritis to produce his disability. We cannot say the record is devoid of any evidence to support this finding.
We now turn to Gold Kist's contention that the trial court erred when it failed to apportion the compensation liability between the preexisting condition and the accident. Specifically, the court's finding on this matter was that apportionment could not be accomplished because "the defendant was unable to show the extent and time-frame of disability on a pro-rata basis."
We reiterate that our cases define "infirmity" in terms of ability to earn. See, Thompson, supra; Ingalls, supra. Our examination of the record reveals no evidence demonstrating that Mr. Nix was not working as a normal man. In fact, although Mr. Nix had experienced previous problems with his knee, he was performing his regular duties at the time of the accident. Consequently, apportionment due to his arthritis would be improper. North *Page 558 Alabama Nursing Home, Inc. v. Borden, 442 So.2d 112
(Ala.Civ.App. 1983).
AFFIRMED.
HOLMES and INGRAM, JJ., concur.