The claimant, James A. Speegle, appeals from a decision by the trial court awarding him permanent partial disability for a job-related injury to his left eye. Since the facts in this workmen's compensation case are without dispute, the question before us is one of law. We must determine on appeal to what extent, if any, the claimant's pre-existing condition should affect his compensation award.
The facts indicate that the claimant was employed as a woodcutter by Dobbs Brothers (Dobbs) in late 1983. At the time of his employment, the claimant suffered from a pre-existing condition which had seriously impaired the vision in his right eye. The claimant subsequently injured his left eye in July 1984 in an accident that arose out of and in the course of his employment. As a result of this injury, the claimant lost the use of his left eye. Dobbs subsequently paid all the claimant's medical expenses. Dobbs also paid the claimant's temporary and total disability benefits from July 22, 1984, through March 28, 1986.
There is evidence that the claimant was unable to obtain gainful employment due to the disability, i.e., total blindness, resulting from the accident. Consequently, he filed suit against Dobbs in September 1986, seeking additional workmen's compensation benefits for permanent total disability.
The trial court determined from the evidence presented that the claimant was legally blind. It nevertheless limited the claimant's award to permanent partial disability benefits for the loss of one eye. This award was based in part on the grounds that (1) the job-related accident proximately caused blindness in only the left eye; and (2) there was no evidence that the accident affected the pre-existing condition in the claimant's right eye. The trial court specifically concluded that the theory promulgated under Blue Bell, Inc. v. Nichols,479 So.2d 1264 (Ala.Civ.App. 1985), and other similar cases was not applicable to the facts presented here. Blue Bell, Inc.v. Nichols, supra, dealt, among other things, with the effect of pre-existing conditions on compensation awards. The claimant appeals, contending in essence that the trial court misapplied the law to the facts in the instant case.
This court has defined pre-existing injury or infirmity in terms of its effect on the employee's ability to earn. GoldKist, Inc. v. Nix, 519 So.2d 556 (Ala.Civ.App. 1987). If an employee is able to perform various job-related activities as a normal man, then the pre-existing condition is disregarded for workmen's compensation purposes. Blue Bell, Inc. v. Nichols,supra.
Prior to the accident, the claimant was undisputedly able to perform his job in a normal manner. Since there is no evidence that his pre-existing impairment affected his job performance, it must be ignored for compensation purposes.
It is well settled that an employer takes an employee as he finds him at the time of employment. Hyster Co. v. Chandler,461 So.2d 828 (Ala.Civ.App. 1984). There is evidence that the claimant suffered from 20/400 vision in his right eye at the time of employment. We have held that an employee is not required to bear the risk of his own physical infirmities when sustaining *Page 779 
a job-related injury. Robinson Foundry, Inc. v. Tinsley,510 So.2d 825 (Ala.Civ.App. 1987).
It is clear from the record and the trial court's order that the claimant sustained the loss of vision itself when he injured his left eye. Consequently, we find that the claimant is entitled to recover permanent total disability under §25-5-57(a)(4)d., Ala. Code 1975 (1986 Repl.Vol.), which reads, in pertinent part, as follows:
 "d. Definition. — The total and permanent loss of the sight of both eyes or the loss of both arms at the shoulder or any physical injury or mental impairment resulting from an accident, which injury
or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment, shall constitute permanent total disability and shall constitute the sole basis on which an award of permanent total disability may be based; provided, that any employee whose disability results from such injury or impairment and who shall have refused to undergo physical or vocational rehabilitation shall not be deemed permanently and totally disabled." (Emphasis added.)
This court is committed to the liberal construction of the Alabama workmen's compensation act. Hilyard Drilling Co. v.Janes, 462 So.2d 942 (Ala.Civ.App. 1985). Any doubts regarding a provision thereunder should be resolved in favor of the claimant/employee. Middleton v. Dan River, Inc., 617 F. Supp. 1206
(M.D.Ala. 1985).
In view of the foregoing, this case is to be reversed and the cause remanded to the trial court for a judgment or proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.