This is a workman's compensation case.
Joseph McAdams (employee) filed suit against G.C. Colyer 
Company, Inc. (employer), claiming a work-related injury that left him permanently and totally disabled. After receiving ore tenus evidence, the trial court ruled in favor of the employee. The employer appeals.
On appeal, there are two major issues: (1) Did the trial court err in ordering the employer to pay medical expenses provided by a doctor chosen by the employee? (2) Was the evidence before the trial court sufficient to support a finding of total permanent disability, considering any preexisting conditions?
Our reviewing standard for workmen's compensation appeals is limited. If there is any legal evidence in the record supporting the findings of the trial court, we must affirm.Pike v. Heil Co., 529 So.2d 1020 (Ala.Civ.App. 1988). Additionally, the trial court may consider all of the evidence, including its own observations, and interpret it according to its best judgment. International Paper Co. v. Rogers,500 So.2d 1102 (Ala.Civ.App. 1986). *Page 1328 
The facts in this case are undisputed. The employee was doing general construction labor for the employer when he sustained a back injury on July 31, 1987. Initially, the employer approved for the employee to be attended by his personal physician, Dr. William Gammon.
At the hearing, the trial court was presented evidence which included testimony from three physicians and two vocational experts. Inter alia, the trial court order contained findings of fact which it based on the evidence presented. They included: that the employee was performing his duties for the employer prior to July 31, 1987, without limitations; that the employee suffered a work-related injury on July 31, 1987; that the employer authorized the employee to choose his own treating physician, and the employee did not become dissatisfied with that physician; that the employee incurred an 80% permanent total disability as a result of the on-the-job injury with a 100% loss of earning capacity; and that the employee incurred and will continue to incur reasonable and necessary medical expenses in the treatment of the disability. The judgment further set out specific amounts due and owing based on the employee's earnings which are not at issue here.
The employer contends that at some point it withdrew its authorization of Dr. Gammon and requested the employee to seek treatment from Dr. Clayton Davie. The employee did go to Dr. Davie, who determined that the employee's condition was not caused by the work-related injury. However, when the employee continued to suffer pain he returned to Dr. Gammon, who referred him to a neurosurgeon. The employer then refused to pay medical expenses.
 I
The employer first contends that it has no obligation to pay any medical expenses after having withdrawn its authorization for Dr. Gammon to treat the employee. The employer argues that its authorization to use Dr. Gammon was withdrawn because he did not specialize in treating back problems, and that it provided the employee with a qualified specialist. The employer contends that under Code of Alabama 1975, § 25-5-77(a) (1986 Repl.Vol.), the employee had available a selection process in the event he was dissatisfied with the physician it chose for him. The employer further contends that the employee failed to utilize the statutory process, and, therefore, that it has no obligation for payment to an unauthorized physician.
This case closely resembles our earlier case of SunnylandFoods, Inc. v. Catrett, 395 So.2d 1005 (Ala.Civ.App. 1980). Just as here, an injured employee was authorized by the employer to choose his own physician, and the employer later attempted to withdraw its delegated authorization. In both cases, the employee was satisfied with the treating physician, but the employer was not.
Clearly, here the evidence conclusively proves that the employee was authorized to seek treatment from Dr. Gammon, and the employee never voiced dissatisfaction with that choice; therefore, § 25-5-77(a) simply does not apply. The trial court did not err in ordering the employer to pay medical expenses to the employee's treating physician, which he clearly had the authority to select.
 II
The employer next contends that the evidence does not support the trial court's finding of permanent total disability because the employee's preexisting conditions would have resulted in the disability regardless of the on-the-job injury.
The law is clear regarding preexisting conditions. If the employee was able to perform his duties prior to the injury, no preexisting condition is present for purpose of workmen's compensation. If a job related injury combines with a preexisting condition to produce a disability, it does not affect a compensation award. Blue Bell, Inc. v. Nichols,479 So.2d 1264 (Ala.Civ.App. 1985). Further, if a preexisting condition is aggravated by a work-related injury, the condition is still compensable even though the accident may not have caused *Page 1329 
the same injury in a normal person. International Paper, supra.
There was uncontroverted testimony that the employee here was able to perform, and, in fact, actually was performing his duties without limitations prior to the injury. The record reveals that the manual labor type work activities of the employee were unlimited and that the employee was lifting a heavy container of concrete in the scope of his employment when he fell from a wall and suffered an injury.
Finally, the employer contends that the evidence does not support the trial court's finding of total permanent disability. The record contains conflicting testimony from doctors and vocational experts. This court may not review the weight or preponderance of the evidence. Factual findings of the trial court based on conflicting evidence are conclusive.International Paper, supra, and Blue Bell, supra.
The record contains ample evidence supporting the judgment of the trial court and we, therefore, affirm that judgment.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.