L. CHARLES WRIGHT, Retired Appellate Judge.
Leonard Blackwell was employed by Bowman Transportation, Inc. from 1962 until May 15, 1988. On February 8, 1987 Blackwell sustained an injury to his back at the L-4 level. The injury necessitated surgery for a herniated disk. Blackwell received a court-approved settlement for a 10 percent permanent partial disability to the body as a whole as a result of the February 1987 injury.
On August 24, 1987 Blackwell was released to return to work with no limitations on his ability to work. On May 14, 1988 Blackwell suffered an on-the-job accident which caused an injury to his lower back at the L-4 and L-5 levels. Surgery revealed that Blackwell had ruptured disks at both levels. Blackwell has not returned to work since the May 1988 injury.
In March 1989 Blackwell filed a complaint in the Circuit Court of Etowah County seeking benefits from Bowman under the workmen’s compensation laws of Alabama. Following an oral proceeding, the court found that Blackwell had suffered a 100 percent loss of his ability to earn and that he was totally and permanently disabled as a result of the May 1988 accident. Bowman appeals.
Bowman • initially asserts that the trial court erred when it failed to apply the provisions of § 25-5-57(a)(4)e. and § 25-5-58, Code 1975, to Blackwell’s preexisting injury or disability.
Section 25-5-57(a)(4)e. provides the following:
“e. Second Permanent Injuries Generally. — If an employee has a permanent disability or has previously sustained another injury than that in which he received a subsequent permanent injury by accident, such as is specified in the provisions of this section defining permanent injury, he shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed.”
Additionally, § 25-5-58 states as follows:
“If the degree or duration of disability resulting from an accident is increased or *915 prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
These code sections stand for the same proposition: consideration of a prior disability for purposes of not paying for the same injury twice. Druid City Hosp. Regional Medical Center v. Junkins, 495 So.2d 69 (Ala.Civ.App.1986).
In Thompson & Company Contractors v. Cole, 391 So.2d 1042 (Ala.Civ.App.1980), we noted that “[t]he key words in these two Code sections are ‘disability’ and ‘infirmity.’ These terms refer to a condition which affects the ability to work as a normal man at the time of and prior to the accident.”
In addressing Blackwell’s preexisting injury or disability the trial court made the following finding:
“10. The Court further notes that because of the fact that plaintiff previously was paid a settlement based upon a 10% impairment or disability to the L4 area of his back, it could be argued or contended that the Court is bound to recognize that the plaintiff has a pre-existing disability resulting from the February 1987 accident to the back at the L4 level. The Court has found that, inasmuch as the pre-existing condition in the plaintiff’s back at the L4 level did not affect plaintiff’s ability to earn or to work as a normal man, there was no pre-existing disability for workmen’s compensation purposes in this case. Gold Kist, Inc. v. Nix, 519 So.2d 556 (Ala.Civ.App.1987). However, if because of the February 1987 injury and/or settlement, the Court is bound or obligated to find a pre-exist-ing disability at the time of the May 14, 1988 accident, the Court alternatively finds that plaintiff is totally and permanently disabled as defined by the workmen’s compensation law and that his total and permanent disability was caused by his 1988 accident; and there is no difference in the workmen’s compensation benefits due and payable in this case as Ordered elsewhere herein, since the plaintiff was rendered totally, permanently disabled as a result of injuries in 1988 arising out of his employment by the same defendant/employer.”
In a workmen’s compensation case this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court will determine whether the correct legal conclusions have been drawn therefrom. Ex parte Patterson, 561 So.2d 236 (Ala.1990).
The record supports the trial court’s finding. Blackwell’s treating physician testified that because of the success of the first surgery in 1987 Blackwell was able to return to work with no limitations. It is undisputed that from August 24, 1987 until May 14, 1988 Blackwell performed his full normal work duties to the satisfaction of Bowman. Furthermore, the treating physician and the orthopedic specialist opined that Blackwell was totally disabled as a result of the injury he suffered in the May 1988 accident. The evidence supports the finding that Blackwell was able to do the work assigned to him and that the first injury was no longer a factor to be considered in deciding the compensation to be paid for the May 1988 injury.
Bowman next contends that the trial court failed to properly apply § 25-5-57(a)(4)f. to the facts of this case to provide for partial payment from the Second Injury Trust Fund (SITF).
Section 25-5-57(a)(4)f. provides, in pertinent part, the following:
“f. Second Permanent Injury Resulting in Permanent Total Disability Where First Injury Not in Same Employment.— If an employee receives a permanent injury as specified in this section after having sustained another permanent injury other than in the same employment, and if the combined effect of the previous and subsequent injury results in permanent total disability, compensation shall be payable for permanent total disability. Compensation for such perma *916 nent total disability shall be paid by the employer to the extent that such employer would have to pay compensation for the degree of injury that would have resulted from the accident if the earlier disability or injury had not existed, and the remainder of the amount of such compensation after the completion of such payments by the employer shall be paid by the director of industrial relations as trustee from any amounts from time to time standing to his account as such trustee in the second injury trust fund; provided, that in order to qualify for benefits from the second injury trust fund, the employer must have had prior knowledge of the previous injury of the employee, and such previous injury must have been of a disabling nature which adversely affected the employability of the employee.”
The purpose of the SITF is to make payments to injured workers who are rendered permanently and totally disabled by injuries sustained on two separate occasions. The SITF does not apply when the multiple injuries are sustained within the confines of the same employment. § 25-5-57(a)(4)f. The SITF is not applicable to the facts of this case because Blackwell suffered both injuries while employed with Bowman.
Bowman finally contends that the trial court erred in calculating the attorney fees owed Blackwell. Blackwell concedes that there was a miscalculation. Pursuant to Blackwell’s request, this court granted leave to the trial court to correct the miscalculation. The trial court amended its final judgment reflecting the proper amount of attorney fees owed. That issue is moot.
The judgment of the trial court as amended is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.