THIGPEN, Judge.
This is an appeal from a declaratory judgment determining dependents to receive survivor benefits pursuant to the Workmen’s Compensation Act.
George Macon Allen, Sr., was killed in an accident in the course of his employment with Deaton, Inc. He was survived by his widow, Vera Allen, appellant herein; their daughter, Stephanie Elaine Allen; and three adult children born of a previous marriage, to wit, George Macon Allen, Jr., Robert Wayne Allen, and Deborah Allen. The three children of the prior marriage have been deaf-mutes since birth.
Prior to the trial, the parties stipulated through counsel that the deceased had been an employee within the meaning of the Workmen's Compensation Act; that the widow, Vera, and daughter, Stephanie, are both wholly dependent within the meaning of Ala.Code 1975, § 25-5-61; and that George, Jr., Robert, and Deborah are all the natural children of the deceased. This declaratory judgment action was commenced by Deaton, Inc., on December 19, 1989, to determine the beneficiary status of George, Jr., Robert, and Deborah. There was no conflict with regard to the average weekly wage of the deceased or the compensation rate derived therefrom. Following the hearing, the court entered findings of fact as follows, viz.: (1) that George *345 Allen, Sr., was an employee of Deaton, Inc. when he was killed in an accident on or about January 19, 1989, and that his dependents are entitled to workmen’s compensation benefits; (2) that George Allen, Sr., is survived by his widow, Vera, and their daughter, Stephanie, who are both dependents under Ala.Code 1975, § 25-5-61; (3) that Allen is also survived by his sons, George, Jr., and Robert, and his daughter, Deborah, who have been totally deaf since birth. George, Jr., is also confined to a wheelchair due to an automobile accident on or about June 10, 1986; (4) due to his accident, George, Jr., is not able to obtain or perform gainful employment; (5) Robert and Deborah are intelligent individuals that have finished the twelfth year of school, and Deborah hopes to attend a junior college in the fall. Robert has been trained as an auto mechanic, but has been unable to obtain a job due to his hearing impairment. Deborah applied for three different jobs for the summer. Although she is obviously qualified to work in these establishments, if her hearing impairment is not considered, she was not able to get a job due to the impairment.
Applying the principles set out by this court in Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985), the trial court held that it is appropriate to consider the ability to secure employment as well as the ability to perform it, and that in applying that principle, George, Jr., Robert, and Deborah are handicapped, and therefore dependents of Allen, under Ala.Code 1975, § 25-5-61(3). It is from this order that Vera appeals.
We note at the outset that the standard of appellate review in workmen’s compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Still further, a presumption of correctness accompanies a trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong. Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala.1989).
The record reveals that the three children by the prior marriage testified through an interpreter. George, Jr., testified that he has never held a job and that he draws Social Security and Supplemental Security Income benefits as his total income resource. As a result of the 1986 automobile accident, George, Jr., was hospitalized for five months, has had seven major operations, and is in a wheelchair. He continues to live in the home of his mother, who is a deaf-mute, in Pensacola, Florida.
Robert testified that he attended the Florida School for the Deaf, as well as a vocational school where he studied to learn automobile body and repair work. He has never been permanently gainfully employed nor received supportive income from his training; however, at the time of trial he held a summer job at a landscaping company earning approximately $75 per week. At the time of his father’s death, Robert was not self-supporting, and he presently draws Social Security and Supplemental Security Income benefits.
Deborah testified that she attended the Florida School for the Deaf, has never been gainfully employed, and presently draws Social Security and Supplemental Security Income benefits. She has sought various jobs at a racetrack, a restaurant, and a food store, but has not been hired.
All the children testified that they believed they had the ability to earn and to be self-supporting and that they wanted to work; however, based upon the facts presented, none has ever been self-supporting since reaching the age of majority.
Ala.Code 1975, § 25-5-61, describes persons conclusively presumed wholly dependent as “minor children under the age of 18 years and those over 18, if physically or mentally incapacitated from earning.” There is ample evidence in the record to support the trial court’s finding that the *346 adult children are incapacitated from earning and fall within this statute.
Accordingly, based upon the foregoing, we cannot say that the trial court’s judgment is plainly and palpably wrong or that it is unsupported by any legal evidence. In fact, a reasonable view of the evidence supports the court’s ruling that all three adult children have been and are incapacitated from earning and are totally dependent, in accordance with Ala.Code 1975, § 25-5-61, at the time of the death of their father.
Based upon the foregoing, the judgment of the trial court herein is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.