I would affirm the trial court as to its calculation of workmen's compensation benefits as well as its finding of permanent and total disability, therefore, I must respectfully dissent.
I disagree with the majority's finding that the trial court did not address the question of whether Bratton performed his job duties as a normal man, without any limitations or restrictions. The trial court's order reads, in pertinent part:
 "In 1988 the plaintiff went to work for the defendant. The defendant at that time had a policy of hiring elderly people to do sedentary type work in its department store.
". . . .
 "The plaintiff's job title was that of 'greeter.' The main function of a 'greeter' is to welcome customers as they enter the defendant's retail department store and offer information and assistance to customers; however, the plaintiff engaged in other work activities which included helping customers with packages, locating items for customers and caring for plants in the garden shop.
". . . .
 "From the testimony the Court finds that prior to the plaintiff's injury he was able to and did perform all of the duties of his employment in an efficient manner. The Court further finds from the testimony that following the injury and as a result of that injury the plaintiff was not able to perform the duties of his employment and was in fact totally disabled to perform any gainful employment."
In determining whether a trial court has properly complied with § 25-5-58, Ala. Code 1975, it is well established that, "[r]egardless of the existence of a preexisting condition or disease, if the employee was able to perform his duties prior to the subject injury, no preexisting injury is present for compensation purposes." International Paper Co. v. Rogers,500 So.2d 1102, 1104 (Ala.Civ.App. 1986). It is clear from the trial court's order that it found that Bratton was able to perform his duties as a greeter before his accident and was not able to perform those duties subsequent to the accident. I believe the record reflects that the trial court properly considered and applied §§ 25-5-57(a)(4)e. and 25-5-58. Therefore, I would affirm the trial court's calculation of workmen's compensation benefits.