The employee appeals from an award of workers' compensation benefits. Charles Vincent Taylor, Sr., sued his employer, Mobile Pulley Machine Works, for workers' compensation benefits based on a schizoaffective disorder that developed after he suffered an on-the-job injury. After a trial, the trial court entered an order finding Taylor totally, permanently disabled, but limiting his workers' compensation benefits to a five-year period. Only Taylor appeals.
The facts, as determined by the trial court, are as follows: Taylor was employed by Mobile Pulley as a welder for 23 years. On January 23, 1993, Taylor fell from a scaffold and suffered a displaced fracture of his right hip. Taylor's doctors performed two operations on his hip as a result of that injury. As a result of the injury to his hip, Taylor's doctors assigned him a 4% permanent, partial physical disability rating.
However, the trial judge also found that the hip injury "accelerated or triggered" a latent schizoaffective disorder in Taylor. That schizoaffective disorder left Taylor permanently and totally disabled. Mobile Pulley paid temporary total disability benefits from the time of the accident until June 1996, except for two periods during which Taylor returned to work. Two psychiatrists agreed that Taylor could not, after his initial unsuccessful attempts to return to work, resume his employment or find other suitable employment.
Dr. Roy Barnes, one of the psychiatrists who treated Taylor, testified that Taylor's schizoaffective disorder would have surfaced eventually even if Taylor had not suffered the on-the-job injury. Dr. Barnes testified that the period of recuperation for the on-the-job injury caused Taylor's schizoaffective disorder to manifest itself three to five years earlier than it otherwise would have occurred.
In its order, the trial court ruled that Taylor was entitled to collect permanent, total disability benefits; however, based on Dr. Barnes's testimony, the trial court limited the time that Taylor could collect benefits to approximately five years. Taylor appeals, arguing that the trial court erred as a matter of law in limiting the duration of the award of benefits after it determined him to be permanently, totally disabled.
Initially, we note that an appellate court is confined to the issues raised by the parties on appeal. Taylor appeals only from that portion of the judgment that limits his permanent, total disability benefits award to a five-year period. Thus, the only issue presented on appeal involves a question of law.[1] Where the facts of a case are undisputed or unchallenged, this court must determine whether the trial court properly applied the law to those undisputed facts; the trial court's determination on a question of law is not entitled to a presumption of correctness. Lynn v. Dodge, [Ms. 2960349, June 27, 1997] ___ So.2d ___ (Ala.Civ.App. 1997). Thus, our review of the trial court's judgment is de novo.
In its findings of fact, the trial court determined that the physical injury Taylor suffered "accelerated or triggered the manifestation of a latent disease or infirmity *Page 302 
[the schizoaffective disorder,] . . . producing permanent, total disability." In Alabama, a neurosis brought about by an on-the-job injury is compensable. City of Montgomery v.Kittler, 621 So.2d 295 (Ala.Civ.App. 1993); Transco Energy Co.v. Tyson, 497 So.2d 184 (Ala.Civ.App. 1986); Bickerstaff ClayProducts Co. v. Dixon, 444 So.2d 390 (Ala.Civ.App. 1983);Fruehauf Corp. v. Prater, 360 So.2d 999 (Ala.Civ.App. 1978). It is well settled that no preexisting condition is deemed to exist for the purposes of a workers' compensation award if the employee was able to perform the duties of his job prior to the subject injury. Jackson v. Comptronix Corp., 679 So.2d 1079
(Ala.Civ.App. 1996); Holmes v. Gold Kist, Inc., 673 So.2d 449
(Ala.Civ.App. 1995). This court has stated:
 "If the employee was able to perform his duties prior to the injury, no preexisting condition is present for [the] purpose of [workers'] compensation. If a job related injury combines with a preexisting condition to produce a disability, it does not affect a compensation award. Blue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985). Further, if a preexisting condition is aggravated by a work-related injury, the condition is still compensable even though the accident may not have caused the same injury in a normal person. [International Paper Co. v. Rogers, 500 So.2d 1102 (Ala.Civ.App. 1986)]."
G.C. Colyer Co. v. McAdams, 562 So.2d 1326, 1328-29
(Ala.Civ.App. 1990) (affirming a trial court's finding that the employee was permanently, totally disabled, where the employer had argued that the employee's preexisting condition would have led to the disability even in the absence of the on-the-job injury). See also Gold Kist, Inc. v. Hobbs, 650 So.2d 914
(Ala.Civ.App. 1994).
The trial court, while noting that Taylor had previously been hospitalized for a nervous breakdown, specifically found that Taylor "had performed his job [for Mobile Pulley] very satisfactorily" for 23 years. Thus, Taylor's latent schizoaffective disorder may not be considered in the determination of his workers' compensation benefits. Because Taylor's latent schizoaffective disorder had not affected the performance of his job duties before the injury, his latent condition, activated by the injury, was compensable. See G.C.Colyer Co. v. McAdams, supra. Thus, the trial court erred in limiting Taylor's recovery, after finding him permanently and totally disabled, on the basis that the latent condition would have manifested itself within a few years even if the injury had not occurred.
We reverse that portion of the trial court's order that limits the duration of Taylor's permanent, total disability benefits.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] In its brief to this court, Mobile Pulley challenges Taylor's entitlement to compensation. However, Mobile Pulley did not file a cross appeal challenging the trial court's determination that Taylor is permanently, totally disabled as a result of his on-the-job injury or its finding that Taylor's condition did not affect the performance of his job duties. Thus, Mobile Pulley is precluded from raising those issues on appeal. "In the absence of taking an appeal, an appellee may not cross-assign as error any rulings of the trial court adverse to appellee." McMillan, Ltd. v. Warrior Drilling EngineeringCo., 512 So.2d 14, 24 (Ala. 1986). See also Price v. SouthCentral Bell, 294 Ala. 144, 313 So.2d 184 (1975).