The employee brought suit against his employer for workmen's compensation benefits due to a work-related injury. After anore tenus hearing, the trial court found that the employee had sustained a work-related injury to a scheduled member. However, the trial court concluded that the effect of such injury extended to other parts of his body and produced a greater or more prolonged incapacity than that which naturally resulted from the specific injury and awarded benefits, pursuant to §25-5-57(a)(3)(g), Ala. Code (1975) (1986 Repl.Vol.). The employer appeals. We affirm.
On appeal the employer contends that recovery should be limited to a scheduled allowance under Ala. Code (1975), §25-5-57(a)(3)(a). Put another way, the employer argues that there is no evidence that the injury to the employee's arm (scheduled member) extended to other parts of his body and produced an incapacity that is greater or more prolonged than that which naturally results from an injury to the arm.
Initially, we note that our standard of review is narrow in a workmen's compensation case; this court does not look to the weight of the evidence as to any of the findings of fact made by the trial court, but *Page 982 
only looks to see if there is any legal evidence to support the facts found by the trial court. Bell v. Driskill, 282 Ala. 640,213 So.2d 806 (1968).
The law in Alabama respecting the exclusiveness of the scheduled allowances in workmen's compensation cases was clearly set out in Bell, 282 Ala. at 646, 213 So.2d at 811, wherein our supreme court stated:
 "[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen's Compensation Law to the amount allowed under the schedule for injury to the one member."
(Emphasis added.)
The record in pertinent part reveals that the employee worked in "assembly," using torque wrenches and drills to put different parts and components together. On April 30, 1987, the employee's left elbow was injured when it was struck by a door at work.
As a result of continuing pain and swelling, the left elbow was examined by an orthopedic surgeon, who ultimately operated to repair damage and to relieve the recurrent swelling and pain. The employee's last visit to the surgeon was on September 23, 1987, at which time he complained of continued pain, aggravated by lifting objects at work. The surgeon determined that the employee sustained a two percent permanent impairment of the left arm.
The employee testified that he has lost some of his ability to grip his wrenches because of the pain and numbness in his fingers. He stated that he has experienced difficulty sleeping and that he is unable to participate in sports activities since the work-related injury. A "physical capacity evaluation" was performed and, in sum, supports the statements of the employee respecting his impairment extending to his hand. Further, the record reveals testimony from a vocational specialist that the employee has suffered a permanent disability rating of thirteen percent due to his work-related injury.
In view of the above, as well as our limited standard of review, we find that there is evidence that, although the injury here was to a scheduled member of the body, the effect of such injury extended to his hand and produced a greater or more prolonged incapacity than that which naturally results from the injury. Therefore, the employee is not limited in his recovery under the workmen's compensation laws to an amount allowed under § 25-5-57(a)(3)(a) for injury to a scheduled member.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.