This is a workmen's compensation case.
Ronnie Johnson (employee) filed a complaint on June 17, 1986, against Hayes International Corporation (employer), alleging that he suffered an injury while on the job that resulted in his becoming permanently and totally disabled. After an ore tenus proceeding, the trial court issued an order and subsequent amended order, finding that the employee suffered an on-the-job injury which left him permanently and totally disabled. The order stated that the employee was unemployable as a result of the various medical and psychological problems *Page 1053 
directly resulting from the disabling injury. The employer appeals.
The dispositive issue is whether the trial court erred in finding the employee permanently and totally disabled as a result of a work-related injury.
Our supreme court recently held that "[o]ur review in workmen's compensation cases is limited to a determination of whether there was any legal evidence to support the trial court's findings of fact. If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom." Ex parte Patterson, 561 So.2d 236
(Ala. 1990). (Citation omitted.)
Our review of the record reveals the following briefly summarized pertinent facts. The employee has worked for the employer since 1965; the employee suffered an on-the-job injury to his back in July 1984; the injury was followed by numerous and varied complications, medical and otherwise; the employee continues to suffer pain and disability; and the employee is 50 years old and not a candidate for vocational rehabilitation.
The employer contends that the findings of the trial court are not supported by the evidence. The employer argues that any problems the employee may have now are not related to the 1984 back injury.
There was testimony before the trial court from a vocational expert, the employee, and the employee's wife, as well as depositions from medical doctors and a psychiatrist. The evidence revealed that following the initial injury, the employee suffered two surgeries to his back and numerous complications stemming from the injury, including stress, depression, and nerve impairment. There was evidence that the restrictions the employee now suffers limit his activities to the extent of being unemployable. A vocational expert testified that it was his opinion, based on the information available, that the employee's injuries were permanent and total. Dr. Cecil Cezayiril, a practicing psychiatrist, testified by deposition that the employee's depression stemmed from the injury and its complications. The employee and his wife testified to his severe limitations since the injury, the chronic pain, and the now altered lifestyle the employee faces.
In workmen's compensation cases, the trial court has much discretion in determining an employee's loss of earning capacity. Many factors are considered by the trial court in determining loss of earning capacity including age, education, past work history, and the effect of the injury on the employee's earning ability. DeHart v. Ideal BasicIndustries, Inc., 527 So.2d 136 (Ala.Civ.App. 1988).
The trial court may look to the entire evidence, including its own observations, in making determinations regarding workmen's compensation. We do not weigh the evidence on appeal; that is a matter for the trial court. Cook v. Munn,528 So.2d 881 (Ala.Civ.App. 1988).
Our careful review of the record in the instant case, along with the attendant legal principles, reveals ample evidence supportive of the determinations made by the trial court. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.