ROBERTSON, Presiding Judge.
After an ore tenus proceeding in this workmen’s compensation case, Denver C. Overton (employee) was determined to be permanently partially disabled as the result of an injury that occurred while in the employment of Dynamic Security, Inc. (employer). The trial court found the employee to have suffered a permanent partial loss of ability to earn, resulting in a loss of earning capacity of 35 percent and awarded benefits accordingly. The employer appeals.
The dispositive issue is whether the trial court erred in finding the employee permanently partially disabled, which resulted in a loss of earning capacity.
In reviewing workmen’s compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reveals that the employee worked for the employer as a security guard from June 1987, through early October 1987, and that he was injured on October 4, 1987, and was out with a knee injury until late November 1987. The employee was injured when he struck his knee on a gate, causing an osteochondral fracture of the medial femoral condyle. Consequently, on October 27, 1987, Dr. Carter Slappey performed surgery to remove a loose piece of bone and cartilage from the employee’s knee. The employee then resumed work with the employer as a security guard but later quit due to a decrease in earnings. *1029 His last term of employment with the employer was for approximately two months.
At the time of the hearing, the employee had the equivalent of a tenth- or eleventh-grade level of education. He had worked as a mechanic’s helper, car buffer, a sand puncher at a foundry, and as a truck driver delivering cigarettes for a tobacco company.
Dr. Slappey, by deposition, testified to a ten percent permanent physical impairment as of February 1988, as a result of the knee injury. Further, he testified that X-rays taken on October 11, 1990, revealed moderately severe degenerative changes involving the portions of the employee’s knee that had been injured, and that the employee could not physically do certain jobs such as driving a truck or working as a security guard.
A vocational expert, Dr. William A. Crunk, testified that the employee suffered a 39 percent vocational employability disability or loss of earning capacity as a result of the knee injury.
The employee testified that he has had problems with his injured right knee on jobs held since the injury, that his knee constantly gives way, and that his knee injury causes him problems obtaining employment.
The employer argues that, because the employee went to work for a higher hourly rate after the knee injury, a presumption is created of unimpaired earning capacity. We disagree. The employee’s average weekly wage at the time of his injury was $184. After returning to work, following his injury and operation, he was given fewer work assignments as a security guard, resulting in a decrease in earnings. He eventually quit his job and obtained employment at Birmingham Tobacco Company, working for $3.52 per hour. Other than this data, there is no further evidence in the record that the employee earned higher wages at a subsequent job than he earned before his injury.
In workmen’s compensation cases, the trial court has much discretion in determining an employee’s loss of earning capacity. Many factors are considered by the trial court in determining loss of earning capacity, including age, education, past work history, and the effect of the injury on the employee’s earning ability. Hayes International Corp. v. Johnson, 563 So.2d 1052 (Ala.Civ.App.1990). We find that the testimony of Dr. Slappey, Dr. Crunk, and the employee provides legal evidence to support the findings of the trial court, and that a reasonable view of that evidence supports the trial court’s judgment that the employee suffered a 35 percent loss of ability to earn.
Based on the above, this case is due to be affirmed.
AFFIRMED.
RUSSELL, J., concurs.
THIGPEN, J., concurs in result.