Edwin Adkins filed suit for workmen's compensation benefits because of a hip and thigh injury he suffered while in the employ of Morrow Drilling Company, Inc. (Morrow).
After an ore tenus proceeding, the trial court found that an employment relationship existed between the parties on the date of the accident and that both parties were subject to the Workmen's Compensation Act of Alabama at all relevant times. Also, the trial court found that Adkins's accident arose out of and in the course of his employment with Morrow and that it caused Adkins to be permanently and totally disabled. Following these findings of fact and a corresponding award of benefits, medical expenses, and attorney's fees, Morrow appealed.
In reviewing workmen's compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991).
First, Morrow argues that the trial court lacked jurisdiction to hear the case because, it contends, there was no dispute between the parties. Morrow contends that its diligence in paying benefits and medical expenses to and for Adkins prevented the existence of a justiciable controversy, and, therefore, that the complaint should have been dismissed.
Paragraph four of the complaint filed by Adkins averred that he suffered an injury while working for Morrow which caused him to be permanently and totally disabled. In its answer, Morrow specifically denied that allegation. The record reflects that there were some outstanding medical expenses Morrow had not paid. Also, Adkins testified that one of the treating hospitals threatened to sue him over some currently outstanding medical expenses related to the accident that Morrow had not paid. Accordingly, we find there to have been a justiciable controversy between the parties and that such controversy could be submitted to the circuit court.
Second, Morrow argues that it should not be liable for a permanent total disability because, it says, Adkins also suffered from a similar preexisting condition. Specifically, Morrow contends that a hip replacement performed on Adkins around 1980 contributes to the pain and disability he now experiences. The law in Alabama, however, is well settled that an employee who is able to perform his duties in a normal manner prior to a disabling injury has no preexisting condition for the purposes of compensation. Speegle v. Dobbs Bros.,545 So.2d 777 (Ala.Civ.App. 1989).
The testimony revealed that after the 1980 hip replacement and prior to the current accident, Adkins performed strenuous, manual labor such as digging ditches, moving oil rigs, and lifting and carrying boards and pipes. In his capacity as a "chain hand" on an oil rig, Adkins was required to move pipe measuring forty feet in length onto platforms. Then he had to wrap chain around the pipe, throw the chain, and then tighten the chain with tongs. Adkins testified that this job was the most difficult of the various ones associated with work on a rig, Adkins also testified that he received no special treatment on his job because of previously undergoing a hip replacement, but was expected to perform (and did perform) the same duties as anyone else. In fact, sixteen-hour work days were common for Adkins, and he had already worked ten to twelve hours the day of the accident in question. Adkins also testified that, while working for Morrow, he often carried batteries, boards, hoses, and drilling fluids *Page 1367 
weighing one hundred or more pounds by himself.
In Patterson v. Clarke County Motors, Inc., 551 So.2d 412
(Ala.Civ.App. 1989), this court reversed and remanded the trial court's decision to only award the employee temporary total disability benefits. Similar to the facts in this case, the employee's accident caused an injury to his hip which previously had been partially replaced due to an unrelated accident. In addressing the possibility of reduced benefits because of a preexisting condition, this court stated:
 "We find no evidence in the record that Patterson experienced difficulty with the prosthesis before November 9, 1984. Although he limped when he walked, we find only one occasion about which testimony reflected that Patterson indicated that his leg hurt at all. He did not miss much time from work and performed his duties to the apparent satisfaction of his employer. . ..
 "This court has defined preexisting injury or infirmity in terms of its effect on the employee's ability to earn. Gold Kist, Inc. v. Nix, 519 So.2d 556 (Ala.Civ.App. 1987). If an employee is able to perform various job-related activities as a normal man, then a preexisting condition is disregarded for workmen's compensation purposes. Blue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985)."
Patterson at 415-16.
Accordingly, we find legal evidence to support the finding that Adkins performed his work duties in a normal manner prior to the injury in question. Therefore, his preexisting condition did not exist for compensation purposes. Speegle.
Finally, Morrow argues that the trial court's finding of permanent total disability was premature since Adkins had yet to reach maximum medical improvement, and, therefore, his ability for retraining could not be assessed properly.
In § 25-5-57(a)(4)d., Code 1975, "permanent total disability" is defined as "any physical injury . . . resulting from an accident, which injury . . . permanently and totally incapacitates the employee from working at and being retrained for gainful employment. . . ." The law in Alabama is well settled that to suffer permanent total disability an employee does not have to be absolutely helpless or entirely physically disabled, only that he be unable to perform his trade or unable to obtain gainful employment. Kline v. Combined Ins. Co. ofAmerica, 570 So.2d 1238 (Ala.Civ.App. 1990).
In its order, the trial court stated:
 "[B]ecause of said injury, and plaintiff's education and training, he is unable to perform work of his trade or obtain reasonably gainful employment, resulting in his permanent and total loss of ability to earn; said injury permanently and totally incapacitates plaintiff from working at and being retrained for gainful employment."
The trial court, through deposition, considered testimony from Dr. Rodger Dickinson, an orthopedic surgeon who treated Adkins for the injury he sustained while working for Morrow. When specifically asked on May 29, 1990, by Morrow's attorney, if Adkins had reached maximum medical improvement, Dr. Dickinson answered "yes". He further testified that his examination of Adkins revealed a fracture of the left femur just below the hip joint which had been replaced approximately ten years earlier. Because of the break in this particular spot, Adkins underwent another hip replacement the following day. When asked about Adkins's recovery from this second procedure, Dr. Dickinson explained that Adkins could perform sedentary activities, but it was not foreseeable that he would ever work on an oil rig again. He also stated that Adkins would never be normal physically, but that he could move around with the use of a cane. As far as physical limitations, Dr. Dickinson stated that Adkins's ability to walk, stand, and lift has been reduced due to pain and fatigue, and that Adkins probably should not try to carry more than fifteen or twenty pounds.
Testimony from Adkins revealed that, at the time of trial, he was forty-seven years old and had obtained a high school diploma, *Page 1368 
although it took him fourteen years to do so. From 1972 until his accident in 1989, Adkins worked primarily in oil fields, performing very strenuous manual labor. Otherwise, Adkins worked as a welder and a service station attendant; both of these jobs required great physical output. He testified that he cannot return to any of these types of jobs due to his diminished ability to stoop, bend, or carry.
Much discretion is given a trial court in determining an employee's loss of earnings capacity, and the factors which are to be considered include the age, education, and work history of the employee, and the effect of the injury on the employee's earning ability. Hayes Int'l Corp. v. Johnson, 563 So.2d 1052
(Ala.Civ.App. 1990). We find legal evidence which supports the trial court's determination that Adkins could not return to his previous trade or be retrained for other reasonably gainful employment. Also, we find that a reasonable view of that evidence supports the trial court's judgment that Adkins is permanently and totally disabled. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.