Dan Elliott filed a complaint for workmen's compensation benefits in the Circuit Court of Lauderdale County against Robbins Tire and Rubber Company (Robbins) alleging that he was owed benefits for a work-related injury. Following an oral proceeding, the trial court found Elliott to be totally and permanently disabled. Robbins appeals.
The record reflects that Elliott was a mill operator for Robbins. At the time of the injury he was 60 years old and had worked for Robbins for 31 years. He has a fifth-grade education. His prior work history consists of farm and construction work.
On October 5, 1989 Elliott was injured on the job when his dominant left arm got caught in a conveyor belt. His injury consisted of his left arm being broken in four places and a broken finger on his left hand. *Page 932 
Since the accident he has had nine surgeries.
Elliott testified that since the injury he has not been able to pick up anything but very light objects. He cannot make a fist with his left hand. He has no grip strength in his left hand. His arm swells and is stiff a majority of the time. He is in constant pain. He testified that he has lost the ability to do his normal chores around the home.
Elliott's wife of 30 years corroborated his testimony. She testified that he can no longer do his chores around the home and that he constantly complains of pain in his arm and hand.
Elliott was examined and evaluated by Dr. Lloyd Johnson, an orthopedic surgeon. In his deposition, which was admitted at trial, Johnson testified that the injury resulted in two comminuted fractures of the radius, one or two comminuted fractures of the ulna, and a fracture of the fifth metacarpal in Elliott's left hand. The fractures to the ulna and radius were treated surgically by placing a stainless steel plate in the area to hold the bones together. The hand was treated by a closed reduction. Johnson testified that the fractures had healed but that in the healing process Elliott had developed an overgrowth of bone connecting the radius to the ulna. He stated that the overgrowth restricted the rotation of Elliott's elbow and wrist. He testified that in his opinion Elliott had a 100% impairment to the left arm. He did not assign an impairment rating to his hand because it was included in the arm assessment. He did not think that the condition of the left arm would improve in the future.
Dr. James Crowder, a vocational expert, testified that in his opinion Elliott had a 100% vocational disability rating. He testified that the results of Elliott's I.Q. testing placed him in the borderline range of mental retardation. He further opined that Elliott could not be retrained for employment because of his age, his low educational achievement, and the 100% loss of his dominant arm and hand.
The trial court found Elliott to be totally and permanently disabled. In making its determination, the trial court found the following:
 "The physical effects of the plaintiff's left arm injury do not extend to other parts of his body, and the injury has not caused an abnormal or unusual capacity with respect to the left arm. The plaintiff's injury is the same as if the plaintiff's left arm had been amputated below the shoulder without any residual complications."
 "However, due to the fact that the plaintiff is a 60-year-old male with a fifth grade education, limited intelligence, and his work experience has been restricted to manual labor, the loss of use of his dominant left arm permanently and totally incapacitates the employee from working at or being retrained for gainful employment."
Robbins asserts that the trial court erred in finding Elliott to be totally and permanently disabled. It contends that recovery should have been limited to the scheduled allowance under § 25-5-57(a)(3)(a), Code 1975, for the loss of Elliott's left arm.
Concerning the exclusiveness of scheduled allowances, our supreme court stated the following in Bell v. Driskill,282 Ala. 640, 213 So.2d 806 (1968):
 "[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen's Compensation Law to the amount allowed under the schedule for injury to the one member."
We have found that an injury to a "scheduled member" extends to the body as a whole "where the effects of the specific injury consisted of pain, swelling, discoloration and an exacerbation of these symptoms whenever the member was used over time. . . ." Gold Kist, Inc. v. Casey, 495 So.2d 1129
(Ala.Civ.App. 1986); Republic *Page 933 Steel Corp. v. Kimbrell, 370 So.2d 294 (Ala.Civ.App. 1979);Richardson Homes Corp. v. Shelton, 336 So.2d 1367
(Ala.Civ.App. 1976). Furthermore, we have determined that if the effects of an arm injury extend to the hand, then one is not limited to the scheduled benefits provided for the loss of an arm. UnitedTechnologies v. Mims, 549 So.2d 981 (Ala.Civ.App. 1989).
Elliott testified that if he holds his arm down too long it begins to swell and causes pain. He further testified that he could not grip anything with his hand and that he could not pick up any heavy objects. It is undisputed that the injury was to Elliott's arm and hand.
The trial court's findings of fact and conclusions of law are incongruous. However, we find the trial court's ultimate judgment to be supported by the evidence and the law of this state. When the ultimate decision of the trial court is supported by any valid legal ground we will not presume error but rather will affirm the judgment. Turner v. Clutts,565 So.2d 92 (Ala.Civ.App. 1990).
Mindful of our standard of review, Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991), we find the trial court's determination that Elliott is totally and permanently disabled not to be erroneous, in view of Elliott's lack of education, his age, his borderline retardation, his work history, and the loss of his dominant left arm which prevents his obtaining employment in the area of his qualifications.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.