ROBERTSON, Presiding Judge.
Elizabeth Wurtz filed a complaint against Russell Corporation (Russell) in which she alleged that she developed carpal tunnel syn *811 drome and tendinitis of the arms as a consequence of the repetitive motion of her fingers, hands, wrists, and arms required in the course of her employment with Russell. Wurtz claimed that she suffered a permanent total disability, or in the alternative a permanent partial disability, from the on-the-job injuries that she sustained.
In its answer, Russell admitted that an employer-employee relationship existed between itself and Wurtz; however, Russell denied that Wurtz was injured in the manner that she alleged in her complaint. Following an ore tenus proceeding, the trial court held in part that Wurtz had “sustained a 65% percent permanent partial disability or loss of ability to earn as a result of an on-the-job injury for which she is entitled to permanent partial disability compensation under the Alabama Workman’s Compensation Act. § 25 — 5—57"(a)(3)(g), Code 1975.”
On appeal, Russell’s sole contention is that the trial court erred in awarding worker’s compensation to Wurtz based on a loss of earning ability instead of a scheduled injury as provided in § 25-5-57(a)(3)a., Code 1975. Russell relies mainly on Wurtz’s testimony at trial wherein she stated that her injuries were limited to her arms and that her injuries did not affect any other part of her body.
In Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), our supreme court stated:
“[Ajlthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen’s Compensation Law to the amount allowed under the schedule for injury to the one member.”
Bell, 282 Ala. at 646, 213 So.2d at 811.
We hold that the trial court did not err in awarding benefits based on the loss of earning ability even though there was some evidence that the injury was limited to a scheduled member. Haywood v. Russell Corp., 611 So.2d 365 (Ala.Civ.App.1992); United Technologies v. Mims, 549 So.2d 981 (Ala. Civ.App.1989).
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.