MONROE, Judge.
Bruce Cagle sued his employer, Dunlop Tire Corporation, for workers’ compensation benefits for injuries he suffered to both arms, from his elbows down toward his wrists. After a hearing, the trial court found that Cagle had a five percent permanent loss of use of each arm. In its judgment, the court wrote that, “[although evidence of vocational disability was presented to the Court, the Court finds that the plaintiffs recovery is limited to the scheduled members in this case, i.e., to his right and left arms.” The trial court awarded Cagle workers’ compensation benefits of $220 per week for 22.2 weeks, for a total of $4,884. However, the court added that because Dunlop had already paid Cagle permanent partial disability benefits of $4,884, the company was entitled to a credit for that amount and Cagle was not entitled to any further disability benefits from Dun-lop other than future medical expenses arising from the injuries. Cagle appeals.
The record shows the following. Cagle worked for Dunlop for about 20 years. At the time of his injury, his job required him to pick up tires and inspect them. He testified that he handled the tires about 4,800 times a day. In November 1992, Cagle began experiencing pain in his elbows and forearms while working. He said his arms hurt any time he picked something up or grasped something, and that he could not do his job because of the pain. He reported this to his supervisor on November 10, 1992, and he was sent to first aid, then referred to the company doctor, Dr. Robert Johnson. Dr. Johnson put Cagle on light duty for a few days, then had him return to work. Cagle continued to experience pain in his arms, and Dr. Johnson treated him with cortisone injections.
*612 In March 1993, Dr. Johnson referred Ca-gle to Dr. Howard Miller, who diagnosed Cagle with bilateral elbow epicondylitis. Miller placed restrictions on Cagle’s arm movement, limiting grasping, repetitive motions, and the use of his arms. Dr. Miller treated Cagle with nine months of physical therapy; however, when that course of treatment failed, Dr. Miller performed surgery on both of Cagle’s elbows. Once Dr. Miller determined Cagle had reached maximum medical improvement, he permanently restricted Cagle from lifting more than 15 pounds with each arm or 30 pounds with both arms, or from repetitive use of his arms. Dr. Miller assigned Cagle a five percent physical impairment of each arm, and a four percent impairment to the body as a whole.
Cagle testified that in addition to being unable to do the work at Dunlop that he could before his injury, he is also unable to do yard work, house work, or to golf, bowl, or hunt — all activities that he enjoyed before his injury.
Because Cagle’s injury occurred in the fall of 1992, the new Workers’ Compensation Act applies. The standard of review this court must apply in cases under the new Act is derived from § 25-5-81(e)(l), Ala.Code 1975, which provides: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Furthermore, the new Act provides that “in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25 — 6—81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
Cagle contends that the trial court’s finding that he had suffered a permanent partial injury to scheduled members rather than to the body as a whole was not supported by substantial evidence. The compensation to be awarded to an employee with a permanent partial disability is set by § 25-5 — 57(a)(3). Compensation for the loss of specific body parts or members is determined from the schedule provided in § 25-5-57(a)(3)a. Compensation for all permanent partial disabilities not enumerated in the schedule is based on the employee’s loss of earning capacity. § 25-5-57(a)(3)g.
The Alabama Supreme Court has set forth the test for determining whether an injury falls outside the provisions of § 25-5-57(a)(3)a.:
“Where the injury to one part of the body affects the other parts of the body and produces a greater or more prolonged incapacity than the specific injury would naturally produce, or causes an abnormal and unusual incapacity with respect to the member, an employee is not limited in his or her recovery to the amount allowed under the schedule for injury to one member.”
Bell v. Driskill, 282 Ala. 640, 646, 213 So.2d 806, 811 (1968).
Not only did Cagle have pain in his arms while working, but occupational therapist Karen Hislop testified that she performed a functional capacity test on Cagle and found that he also had suffered a 53 percent loss of grip and pinch strength and a 28 percent loss of speed and coordination. She said that the loss of pinch and grip strength were consistent with elbow injuries because the muscles that control the hand and fingers attach to bones in the elbow region.
Cagle’s vocational expert, Patsy Bramlett, testified that Cagle had a 64 percent vocational disability rating because of his work-related injuries. Dunlop’s vocational expert, Martha Daniel, assigned Cagle a 22 percent vocational disability rating. More telling, however, is that Dunlop fired Cagle “due to [his] physical inability to perform any job at Dunlop Tire Corporation.” After Cagle filed a grievance, he was reinstated, but with the agreement
“that if it is determined that you cannot perform the Tire Shop Planner position, then Dunlop will have no alternative other than to terminate your employment, since *613 the Tire Shop Planner position is the only job at Dunlop that is consistent with and will not violate your current permanent physical restrictions.”
The evidence presented in this case shows that Cagle’s injury meets Bell’s requirements in that the injuries to his elbows and arms have also affected both of his hands in that the injuries have caused Cagle to lose much of his grip in both hands. This court has determined that “if the effects of an arm injury extend to the hand, then one is not limited to the scheduled benefits provided for the loss of an arm.” Robbins Tire & Rubber Co. v. Elliott, 598 So.2d 931, 933 (Ala.Civ.App.1992); see United Technologies v. Mims, 549 So.2d 981 (Ala.Civ.App.1989); see also Haywood v. Russell Corp., 611 So.2d 365 (Ala.Civ.App.1992).
Additionally, the evidence shows that Ca-gle has permanently lost the use of both of his arms to the point that only one position at Dunlop is available to him that does not violate the physical restrictions placed upon him by his doctor. Cagle’s injuries have caused such severe disability that they have “produee[d] a greater or more prolonged incapacity than the specific injury would naturally produce, or cause[d] an abnormal and unusual incapacity with respect to the member,” as required by Bell. Because Cagle’s injuries met Bell’s requirements for injury to the body as a whole, recovery is not limited to the amount allowed under the schedule. Bell, 282 Ala. at 646, 213 So.2d at 811. Compensation for Cagle’s permanent partial disability should be based upon his loss of earning ability. § 25-5-57(a)(3)g, Ala. Code 1975.
The trial court’s finding that Cagle suffered only a five percent loss of use of his arms, and that his recovery was limited to five percent of the compensation allowed for his arms under the schedule set forth in § 25-5-57(a)(3)a is not supported by the evidence in this ease. Therefore, the judgment of the trial court is reversed as to the award of benefits based upon the scheduled allowance. The cause is remanded for the trial court to determine Cagle’s loss of ability to earn, and to award benefits accordingly. See Haywood, 611 So.2d 365. We note that such a determination is to be based on Cagle’s age, education, work history, and the effect of his injuries on his ability to earn. Hayes International Corp. v. Johnson, 563 So.2d 1052 (Ala.Civ.App.1990).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.