George W. Butler filed a complaint in the Jefferson County Circuit Court against his former employer, A.M.R. Services, seeking workers' compensation benefits. A.M.R. Services answered, asserting, among other things, that Butler failed to give prompt notice of his injury and that his disability, if any, resulted from a pre-existing condition.
Following oral proceedings, the trial court entered a judgment, stating, in pertinent part:
"FINDINGS OF FACT
 "[Butler] testified that on July 27, 1994, he fractured three fingers on his right hand while unloading freight. He testified that as a result of his injury he experiences daily pain from his right hand to his right elbow. It appears to the Court that he has lost significant use of his hand and arm as a result of this accident. Further, he testified that he has had to learn to use his opposing hand to perform daily tasks.
 "[Butler] retired from the New York City Police Department in 1984. He remained retired for approximately a year and a half to two years and then entered into employment at the Birmingham Race Course as a security guard. He is currently employed as a security guard at a lesser wage than he previously earned.
 "A functional capacity evaluation performed on [Butler] in February 1995 and entered into evidence demonstrates that [Butler's] long finger caused a 5% impairment to the hand, that his ring finger caused a 3% impairment to the hand, and that the little finger caused a 3% impairment to the hand. It further demonstrates that he has suffered a 68% reduction in grip strength in his right hand. These findings combined to produce a 5% impairment to his upper extremity and a 9% impairment to the whole person.
 "[Butler] returned to work at an average weekly wage less than his average weekly wage at the time of his accident and hence, the Court may consider vocational disability. Dr. Mary Kessler, a vocational expert, called on behalf of [Butler] gives a rating of 61%. Mr. Tom Clark, the vocational specialist presented on behalf of [A.M.R. Services] states that the vocational disability of [Butler] is 13%.
 "The Court has heard testimony of [Butler], observed his demeanor in the courtroom, and has examined the injury. The Court is further impressed with the credibility and candor of [Butler] and his obvious determination to continue to be a productive worker despite his injury. Nevertheless, he is currently employed at a rate of pay less than [his] rate of pay at the time of injury, and it is clear that he can no longer do the work he was doing at the time of his injury.
"CONCLUSIONS OF LAW
 "The threshold issue in this case is whether [Butler's] hand injury is to be compensated according to the schedule *Page 474 
contained in § 25-5-57 or to the body as a whole injury under § 25-5-57. The decision for the Court is whether the injury to the scheduled member extends to the body as a whole. The cases of Richardson Homes Corp. v. Shelton, 336 So.2d 1367
(Ala.Civ.App. 1976), and Checker's Drive-In Restaurant v. Brock, 603 So.2d 1066 (Ala.Civ.App. 1992), stand for the proposition that if an injury to a body part produces a greater or more prolonged incapacity than the specific injury would produce, an employee is not limited to the schedule. The evidence shows that as a result of [Butler's] injury, he experiences daily pain from his right hand to his right elbow. Further, the evidence indicates that the percentage of impairment to the hand has been converted to an upper extremity impairment and an impairment to the whole person according to the guidelines of the American Medical Association. The testimony and the demonstration of the injury by [Butler] indicates that [the use of his entire right arm for lifting, grasping, and other tasks is restricted]. Hence, based upon the evidence and the Court's findings of fact contained in this [judgment], the Court is of the opinion that this injury should be treated as an injury to the body as a whole, not as a scheduled injury.
 "The Court, having found an injury to the body as a whole, must determine to what extent [Butler] has suffered a loss of earning capacity. The Court is of the opinion that [Butler] has suffered an overall loss of earning capacity of 50%. Based upon the overall finding of a loss of earning capacity of 50%, the Court finds that [Butler] has suffered a 50% permanent partial disability to the body as a whole."
The trial court awarded benefits accordingly. A.M.R. Services filed a motion to alter, amend, or vacate the judgment, which the trial court denied.
A.M.R. Services appeals, contending that the trial court erred in finding that Butler suffered an injury to the body as a whole.
Butler's injury occurred on July 27, 1994; therefore, the new Workers' Compensation Act is controlling. The standard of review of a workers' compensation case under the new Act was stated by our supreme court in Ex parte Trinity Industries,Inc., 680 So.2d 262 (Ala. 1996):
 "[W]e will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
680 So.2d at 268-69 (quoting West v. Founders Life AssuranceCo., 547 So.2d 870, 871 (Ala. 1989)). See also § 25-5-81(e), Ala. Code 1975.
A.M.R. Services argues that Butler's injury "is not accompanied by any other physical disability of the body" and that, therefore, Butler's recovery should be limited to benefits available under § 25-5-57(a)(3)a. for injuries to scheduled members.
In Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), our supreme court held that:
 "[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited to his recovery under the Workmen's Compensation Law to the amount allowed under the schedule for injury to the one member."
282 Ala. at 646, 213 So.2d at 811.
This court has held that an injury to a "scheduled member" extends to the body as a whole " 'where the effects of the specific injury consisted of pain, swelling, discoloration, and an exacerbation of these symptoms whenever the member was used over time. . . .' " Robbins Tire Rubber Co. v. Elliott,598 So.2d 931, 932 (Ala.Civ.App. 1992) (quoting Gold Kist, Inc.v. Casey, 495 So.2d 1129, 1130 (Ala.Civ.App. 1986)).
The record reveals the following pertinent facts: At the time of the trial, Butler was 52 years old, was a high school graduate, and was retired from the New York City Police Department. Butler testified that he had *Page 475 
attended two years of junior college, but he quit college after his wife died. He also testified that on July 27, 1994, he was working the night shift and was unloading a U.P.S. aircraft when his hand became pinned under a crate on a conveyor belt. The weight of the crate stopped the conveyor belt, and Butler was able to extract his hand. He reported his injury and saw a doctor at 8:00 a.m. He fractured the middle finger, the ring finger, and the little finger of his right hand. A splint was placed on his hand, and he continued to work until September 1994 when he began intensive physical therapy for the pain and swelling of his hand. He underwent therapy for approximately six to eight months.
Butler testified that he continues to have pain and swelling of his hand every day and that the pain goes from his hand to his elbow. He soaks his hand in warm water every morning to help reduce the pain and swelling. He testified that he does not take any pain medication because the pain medication interacted with his hypertension medication and caused problems with his diabetes. He demonstrated for the court the limited flexibility, use, and strength of his right hand.
Butler testified that he is right-handed, that he cannot shoot a gun with his right hand, and that he has problems performing everyday tasks with his right hand. He taught himself to shoot left-handed and was able to get a job with the Birmingham Race Commission as a security guard. Butler also testified that he had been turned down for a security guard job because he cannot shoot right-handed. He further testified that he earns $6.00 per hour as a security guard and that he made $6.50 per hour at the time of the accident.
After carefully reviewing the record, we conclude that the trial court's findings that Butler's injury extends to the body as a whole and that he had suffered a 50% permanent partial disability are supported by substantial evidence. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, and MONROE, JJ., concur.
THOMPSON and CRAWLEY, JJ., dissent.