[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 949 
This appeal concerns the propriety of an award of temporary-disability benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act").
In February 2002, Roger H. McBrayer ("the employee") sued his employer, United States Steel Corporation ("the employer"), alleging that he had suffered work-related injuries to his head, left side, hand, and back on December 30, 2000, as a result of a fall of 10 feet from a loader. The employee sought compensation as provided in the Act and also sought damages in tort under Ala. Code 1975, § 25-5-11.1, based upon the employer's allegedly having discharged him from his employment in retaliation for his seeking benefits under the Act. The employee subsequently amended his complaint so as to assert that the employer had tortiously intentionally inflicted emotional distress upon him. The employer filed a motion for the entry of a summary judgment as to the employee's tort claims, which was granted, leaving only the employee's claim for benefits under the Act to be adjudicated.
After an ore tenus proceeding in April 2003, the trial court entered a judgment on July 29, 2003. In that judgment, the trial court determined that the employee had suffered head lacerations and a herniated cervical disk in the neck region as a result of a workplace fall occurring on December 30, 2000. The trial court concluded that the employee was entitled to an award of temporary-total-disability ("TTD") benefits in the amount of $31,299.33 "for the period commencing on January 2, 2001 and terminating on May 3, 2002" (a period that will be referred to as "the recovery period" in this opinion) and that the employee was also entitled to an award of temporary-partial-disability ("TPD") benefits in the amount of $2,055.51 "for that period during the month of June 2001 in which [the employee had] attempted to return to work but had to quit because of chronic neck pain." However, the trial court also concluded that under Ala. Code 1975, § 25-5-57(c), the employer was entitled to a setoff in the amount of $5,512 because the employee had received payments made pursuant to a disability plan funded by the employer.
On August 27, 2003, the employer filed a motion, pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the judgment. Among other things, the employer contended that the trial court had incorrectly determined the amount of benefits to which the employee was entitled under the Act. Specifically, the employer argued (1) that the employee was not entitled to TTD benefits with respect to particular days during the recovery period during which he was working full-time; (2) that the employee was not entitled to TTD benefits for periods during which the employee was allegedly prevented from working based upon "unrelated" medical conditions; (3) that the employee was not entitled to TTD benefits for that portion of the recovery period after the employee was released by a particular physician to return to work; and (4) that the employee was not entitled to both TTD and TPD benefits for June 2001. The employer's postjudgment motion was not expressly ruled upon by the trial court within 90 days after it was filed; moreover, the parties did not expressly consent on the record to the trial court's retention of jurisdiction over the motion, nor did this court enter an order allowing the trial court to rule upon that motion more than 90 days after its filing. Therefore, the motion was automatically denied under the terms of Rule 59.1, Ala. R. Civ. P., on November 25, 2003. The employer timely appealed. *Page 951 
Despite the automatic denial of the postjudgment motion, the trial court purported to enter an order on December 22, 2003, granting the employer's postjudgment motion in its entirety. Of course, that order is a nullity under our law. E.g., Moragne v.Moragne, 888 So.2d 1280, 1282 (Ala.Civ.App. 2004). Although the employer has requested that this court "reinvest" the trial court with jurisdiction so that the trial court may validly grant its postjudgment motion, it cites no authority for such a procedure, and we agree with the employee that remanding of the cause for that purpose is not permissible under Alabama precedents. While an appellate court may, within its discretion, remand a cause for the entry of a final judgment when an appeal has been taken prematurely (see Foster v. Greer Sons, Inc., 446 So.2d 605
(Ala. 1984), overruled in part on other grounds by Ex parteAndrews, 520 So.2d 507 (Ala. 1987)), the judgment under review in this case is not susceptible to such a procedure. The trial court's judgment of July 29, 2003, is a final judgment, and because the employer's postjudgment motion was automatically denied, we must now proceed to address the appeal on its merits.
One of the issues raised by the employer concerns the propriety of the trial court's TPD award for the month of June 2001. In his brief, counsel for the employee has graciously conceded that the trial court erred in awarding both TTD and TPD benefits with respect to the month of June 2001. In light of counsel's candid admission of error, in awarding both TTD and TPD benefits with respect to the same time period, we conclude that the portion of the trial court's judgment awarding TPD benefits for June 2001 is due to be reversed.
The employer has raised three additional issues on appeal. As in its postjudgment motion, the employer contends on appeal (1) that the employee is not entitled to TTD benefits with respect to particular days during the recovery period during which he worked on a full-time basis; (2) that the employee is not entitled to TTD benefits for periods during which "unrelated" medical conditions prevented him from working; and (3) that the employee is not entitled to TTD benefits for that portion of the recovery period after the date upon which the employee was released by Dr. Matthew Berchuck to return to work (March 25, 2002).
In addressing those issues, we are governed by the standard of review applicable to workers' compensation judgments generally. We will not reverse a trial court's judgment based on factual findings in a workers' compensation case if those findings are supported by "substantial evidence." Ala. Code 1975, §25-5-81(e)(2). "Substantial evidence" is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., Inc.,680 So.2d 262, 268 (Ala. 1996) (quoting West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989)). The trial court's legal conclusions, however, are afforded no presumption of correctness, and this court reviews those conclusions denovo. See Ex parte Cash, 624 So.2d 576 (Ala. 1993); see also
Ala. Code 1975, § 25-5-81(e)(1).
As a preliminary matter, it should be noted that our disposition of the TPD award leaves for review a judgment that awards only TTD benefits — the trial court awarded no permanent-disability benefits because that court determined that the employee had suffered no vocational disability as a result of the events of December 30, 2000. A TTD award, by its *Page 952 
nature, is an award of benefits under the Act that may be said to have three defining attributes. First, it is made in respect of adisability, i.e., an inability during the healing process to perform the work that an employee was performing immediately before being injured. See G.UB.MK. Constructors v.Traffanstedt, 726 So.2d 704, 708 (Ala.Civ.App. 1998) (noting that TTD "pertains to" the period during which an employee is healing and is unable to work). Second, a TTD award providestotal monetary relief to an injured worker under the Act in that, unlike in the case of temporary partial disability, no reduction is made to the payable compensation based upon that worker's residual earning capacity. Compare Ala. Code 1975, §25-5-57(a)(1) with § 25-5-57(a)(2)a. Finally, TTD benefits aretemporary in nature in that they are payable only during a worker's recovery period; the Act envisions thatpermanent-disability benefits, if appropriate, be paid to an employee after he or she reaches the maximum level of medical recovery from a workplace injury that he or she may reasonably expect to achieve. See Traffanstedt, 726 So.2d at 708
(indicating that TTD benefits are no longer payable when maximum medical improvement, or MMI, is reached).
With those principles in mind, we now turn to the employer's remaining three issues on appeal. First, we agree with the employer that under Alabama law an injured employee is not entitled to TTD benefits with respect to full-time work intervals during the recovery period. "[A]n employee may not recover work[ers'] compensation during a material intervening time period of nondisability which transpires between periods of temporary total disability." Perkins v. G.C. Lingerie, Inc.,447 So.2d 796, 797 (Ala.Civ.App. 1984). Conversely, "[a]n employer is entitled to deduct the period of full-time employment from the period of temporary total disability." Mike Makemson Logging v.Colburn, 600 So.2d 1049, 1051 (Ala.Civ.App. 1992). Although the employee repeatedly indicated during his trial testimony that he could not remember having returned to work on a full-time basis after his injury, the transcript of his deposition, which was admitted into evidence, indicates that the employee did return to work full-time for the employer on or around February 1, 2001; that he was off work from April 5, 2001, to July 23, 2001, as a result of surgery on his colon; and that the employee worked full-time for at least one month after July 24, 2001. The trial court's judgment, however, does not deduct any intervening periods of full-time employment from the employee's TTD award, nor does it allow the employer a credit against that award based upon those periods. The failure to make such a deduction, or allow such a credit, was erroneous.
The employer's contention that the employee is not entitled to TTD benefits for periods during which "unrelated" medical conditions prevented him from working is also well-taken. That principle was recognized by this court in Cooper v. SevenRivers, Inc., 688 So.2d 883 (Ala.Civ.App. 1997), in which we rejected an employee's argument that she was entitled to TTD benefits with respect to a particular period during which, the record indicated, she could not work because of a non-work-related condition, i.e., polymyositis.688 So.2d at 886.
In this case, as we have noted, the record reflects that the employee worked full-time immediately before undergoing colon surgery in April 2001 and worked full-time for at least one month after that surgery. Significantly, the trial court expressly determined that there was no substantial evidence of medical causation with respect to the employee's "hemorrhoid *Page 953 
condition." The trial court's award of TTD benefits for the period during which the employee was off work because of his hemorrhoid surgery, therefore, is inconsistent with its conclusion that that surgery corrected a condition that was not attributable to a workplace injury. The trial court erred as to that aspect of its TTD award.
The employer also argues that TTD benefits should not have been awarded with respect to a three-week period in January 2001 during which the employee complained of back pain. The employee was diagnosed with a contusion and strain of his lumbosacral spine on January 9, 2001, by Dr. Timothy A. Cool, who attributed those symptoms to a fall resulting from an ice storm that occurred in early January 2001; the employee was held out of work by Dr. Cool as a result of those conditions until January 30, 2001. In a pretrial stipulation, the employee indicated that he sought workers' compensation benefits for no conditions other than a claimed injury to his neck and a claimed loss of short-term memory incident to his December 30, 2000, workplace accident, thus waiving any claim that the back injury reported to Dr. Cool was work related. Under the circumstances, we agree with the employer that the rule recognized in Cooper controls and that the employee is not entitled to TTD benefits with respect to that period from January 9, 2001, through January 30, 2001, when the employee was principally recuperating from his back injury. The trial court's award of TTD benefits for that period, then, is also erroneous.
We now turn to the employer's final remaining contention: whether the employee is entitled to TTD benefits for that portion of the recovery period after March 25, 2002, the date upon which the employee was released by Dr. Berchuck to return to work. The trial court instead awarded TTD benefits through May 3, 2002, the date upon which Dr. Berchuck determined the employee to have reached maximum medical improvement with respect to his cervical-disk herniation.
It is frequently said, as a gloss upon the nature of TTD relief under the Act, that "the `time of temporary total disability' is the recovery period that lasts until maximum medical recovery is reached." Haywood v. Russell Corp., 611 So.2d 365, 367
(Ala.Civ.App. 1992). As a general matter, that statement is correct — an employee who has been injured will frequently need to fully recover, in the medical sense, in order to perform all of the functions of his or her employment; thus, we need not, as the employer suggests, overrule cases such as Haywood that indicate the importance of the employee's date of maximum medical improvement in determining the closing date of TTD benefits. Indeed, given that the Supreme Court has expressly approved of the Haywood gloss (see Ex parte Moncrief, 627 So.2d 385,387-88 (Ala. 1993)), we are bound, under § 12-3-16, Ala. Code 1975, to adhere to it.
However, drawing an analogy from the "full-time employment" cases we have discussed above, we can easily envision a significant exception to the general rule: it may be possible for certain injured employees to be able to return to work full-time and to be able to earn the same wages as they did before their injuries without having exhausted all of the measures that modern medical science may employ to facilitate healing. Because the Legislature has mandated in the second sentence of §25-5-57(a)(1) that TTD benefits be paid "during the time of thedisability" (emphasis added), it follows that in the rare case where an employee is able to return to full-time work and is able to earn his or her preinjury wages without *Page 954 
having reached maximum medical improvement, § 25-5-57(a)(1) would require that TTD benefits be terminated regardless of whether further medical improvement may occur. In other words, the Act implicitly recognizes that an injured employee may sometimes cease to have a compensable temporary total disability under the Act before the healing process ends.
Is this a "rare case" where the date of maximum medical improvement should not be used as the terminal date of a TTD award? We conclude that this appeal does present such a case. Dr. Berchuck performed an anterior cervical diskectomy and fusion upon the employee's neck on February 8, 2002, and continued to review the employee's progress for several weeks after that procedure. As we have noted, Dr. Berchuck ultimately determined that the employee reached the point of maximum medical improvement on May 3, 2002. However, an evidentiary exhibit admitted at trial indicates that Dr. Berchuck completed a work-status form concerning the employee on March 13, 2002, in which he opined that the employee "may return to work w/no limitations on 3/25/02 from the standpoint of his neck injuryonly" (emphasis in original). The transcript of Dr. Berchuck's deposition, which was admitted into evidence, indicates that he was visited by the employee on March 13, 2002; Dr. Berchuck testified that the employee had recounted at that time having suffered a strain in a motor-vehicle collision during the preceding weekend but that Dr. Berchuck had returned the employee to regular duty as of March 25, 2002, with no work restrictions
as to his neck. At his deposition, Dr. Berchuck classified the employee's May 3, 2002, visit as "just a follow-up visit" at which he determined that the employee's graft and incisions appeared to have fully healed.
Thus, in this case, the evidence is susceptible to only one conclusion: the employee's temporary work-related disability
under § 25-5-57(a)(1) arising from his cervical-disk herniation ended on March 25, 2002, rather than on May 3, 2002. The trial court, therefore, erred to reversal in awarding TTD benefits beyond the earlier date.
Based upon the foregoing facts and authorities, the trial court's judgment is reversed. The cause must be remanded for the trial court to enter a judgment consistent with this opinion. As an aside, however, although we see no need to require any particular form of judgment on remand, so long as our appellate mandate is followed, we would be remiss in failing to note that a judgment in conformity with the terms of the trial court's December 22, 2003, order purporting to grant the employer's postjudgment motion would be sufficient.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, J., concur.
MURDOCK, J., concurs in the result, with writing, which BRYAN, J., joins.